## SAM HOOPER v. THE STATE.

*No. 7453.     Decided June 17.*

1. **Postponement—New Trial.**—When a postponement is sought upon the ground that testimony material to the defendant is absent, and upon the trial of the cause the absent testimony is supplied in substance by other testimony, the refusal of the postponement will not be good ground for a new trial.

2. **Same.**—If there be such a conflict between the inculpatory facts and the absent testimony as to render it improbable that the absent testimony is material and probably true, the refusal to grant a postponement because of such absent testimony will not be good ground for a new trial.

3. **Bills of Exception.**—Bills of exception must be so full and certain in their statements that in and of themselves they will disclose all that is necessary to manifest the supposed error. Inferences will not be indulged to supply omissions in a bill of exceptions.

4. **Evidence—Admission of Illegal Testimony not Reversible Error, Unless, etc.**—The admission of illegal testimony will not constitute reversible error unless some injury to the defendant is reasonably made to appear.

5. **Charge of the Court—Rules for Construing.**—In determining the sufficiency of a charge it must be construed as a whole, and not by isolated extracts, excerpts, or paragraphs. It must be treated as an entirety, and regard must be had to the connection and interdependence of its several parts.

6. **Same—Assault with Intent to Murder.**—To constitute an assault with intent to murder there must be an assault with malice and a specific intent to kill. If these constituent elements of the offense be explained in the charge it is sufficient. See the opinion for a charge held sufficient when construed as a whole.

7. **Self-Defense—Evidence.**—See the opinion for evidence which did not present but excluded the issue of self-defense.

APPEAL from the District Court of Shelby. Tried below before R. S. Briarly, Esq., Special Judge.

This conviction is of an assault with intent to murder, with the punishment assessed at two years confinement in the penitentiary.

The defendant and about two hundred other negroes were on a train going to Timpson to attend an emancipation celebration. On the same train, seated in one of the cars into which the negroes crowded, was the assaulted party, McGowan, a white man. The defendant either sat down upon or was pushed down upon McGowan, and thereupon an altercation occurred between them and they cursed each other. Mc-Gowan and another witness, a white man, testified that during the altercation the defendant presented a pistol at McGowan and attempted three times to shoot him, but was prevented from doing so by negroes present, who seized and held him. The defendant was finally put off the train by the conductor and the disturbance was quieted. On the part of the defendant a number of eye witnesses to the transaction testified that the defendant did not commit an assault upon McGowan, and did not have a pistol on the occasion. As usual in such cases, the evidence is voluminous and conflicting. All the witnesses agree as to one fact,—that is, that much noise, confusion, and excitement were occasioned by the altercation.

*D. M. Short & Son,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant sought a continuance for the testimony of John Cooper. By him it was expected to be shown that the appellant did not make an assault upon McGowan, the party charged to have been assaulted.

The difficulty occurred on Emancipation day and in a passenger car. The car was crowded with negroes and a few white people. An unusual number of witnesses testified to the facts attending the difficulty, and nearly every one of them were eye witnesses thereto. Nearly every witness who testified for defendant swore that he did not make the assault and had no pistol at the time. The State's witnesses testified that defendant did make the assault and did so with a pistol.

We do not think the testimony of Cooper either material or probably true when taken in connection with the other evidence adduced on the trial. The testimony of the various witnesses was the same as that expected to be proved by Cooper, and they fully supplied his evidence. No injury could possibly have resulted to the defendant because of the absence of his testimony. It has been held by this court that if substantially the same testimony as that which is absent has been produced on the trial the accused can not complain, and such we think was the case as to the testimony of the witness Cooper. Walker v. The State, 13 Texas Ct. App., 642, 643; Allison v. The State, 14 Texas Ct.

App., 402; Fisher v. The State, 4 Texas Ct. App., 181; McCarty v. The State, 4 Texas Ct. App., 461.

Again, the evidence was directly in conflict between the State and the defendant with reference to the facts constituting the guilt of the accused, as well as the facts set forth in the application for continuance. In reference to such state of case this court has said: "If there be such a conflict between the inculpatory facts and those set forth in the application as to render it improbable that the facts in the application are material and probably true, the continuance should be refused, and hence a new trial based thereupon should be refused." McAdams v. The State, 24 Texas Ct. App., 101.

While the difficulty was in progress there was great confusion in the car where it occurred. While testifying as a witness Gaddy said that he remarked to one King that such conduct was intolerable. This remark was made by the witness at the time of the disturbance and difficulty. This testimony was objected to by defendant. The bill of exceptions does not make it at all manifest that this remark was made with reference to the conduct of defendant any more than to the conduct of all parties connected with the difficulty and the general disturbance in the car at that time. In fact the bill does not specifically show about whom the remark was made or to whom it referred. In order to supply the omissions in the bill recourse must be had to inference. This we are not required to do. Willson's Crim. Stats., secs. 2368, 2516. Bills of exception must be so full and certain in their statements that in and of themselves they will disclose all that is necessary to manifest the supposed error. Eldridge v. The State, 12 Texas Ct. App., 208; Davis v. The State, 14 Texas Ct. App., 645; Walker v. The State, 9 Texas Ct. App., 200; Henning v. The State, 24 Texas Ct. App., 315.

But suppose it be admitted that the remark applied to the defendant alone and his conduct on the occasion referred to, then we fail to perceive the injury to appellant in view of the evidence in the case. The defendant was quite boisterous and cursing vociferously in the car when it was crowded to its utmost carrying capacity with men, women, and children, and confusion reigned throughout the car. This was testified to by all the witnesses, even by defendant himself. Defendant proved that he was fined for disturbance of the peace for his conduct on this occasion. The acts and the conduct of defendant were fully proved by himself as being intolerable. Where all the facts showing the intolerable conduct are proved by both sides we fail to perceive the injury to the defendant in admitting the remark of one of the crowd made at the time that such conduct was intolerable. The admission of illegal testimony will not constitute reversible error unless some injury is shown or reasonably made to appear.

Appellant excepts to the charge because it does not submit to the jury the issue of specific intent to kill. The court charged in this con-

nection that "an assault or assault and battery becomes and is an assault with intent to murder when it is committed with a deadly weapon with intent to kill the person assaulted and with malice aforethought, and under such circumstances that had death resulted therefrom to the person assaulted the killing would have been murder. If then under the foregoing instructions you find from the evidence beyond a reasonable doubt that the defendant Sam Hooper did in Shelby County, Texas, at any time within three years before the 10th day of April, 1891, commit an assault upon T. P. McGowan by attempting to shoot the said T. P. McGowan with a pistol, and that such pistol, at the distance it was from the said T. P. McGowan and the manner in which the defendant attempted to use such pistol, was a deadly weapon, and that the said assault was committed with malice aforethought as the same has been hereinbefore explained to you, and under such circumstances as that had the defendant killed the said T. P. McGowan the said killing would have been murder, you will find the defendant guilty of assault to murder," etc.

In determining the sufficiency of a charge it must be construed as a whole, and not by isolated extracts, excerpts, or paragraphs, and in construing the charge respect must be paid to it as an entirety, and regard be had to the connection and interdependence of its several clauses. Willson's Crim. Proc., sec. 2350.

To constitute an assault with intent to commit the crime of murder two things must concur, to-wit: An assault with malice and a specific intent to kill. McCullough v. The State, 24 Texas Ct. App., 129. If these constituent elements of the offense be charged it is sufficient.

By an examination of the charges above quoted it will be seen that the intent of the party is sufficiently submitted to the jury by the court. Looking to the entire charge we find it sufficient, and sufficiently submits every issue raised upon the record with reference to the offense of assault to murder.

It is contended that the issue of self-defense should have been submitted to the jury. We do not so understand the facts of this case. The State's theory was assault to murder. The defendant's contention was that he made no assault at all, that he had no pistol, and did not attempt to use a pistol during the entire difficulty. To these facts defendant testified in person. This is his view of the case.

Finding no error in the record requiring a reversal of the case, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.