## SID STOCKTON et al. v. STATE.

### No. A-363.    Opinion Filed April 4, 1911.

#### (114 Pac. 626.)

1.  **WITNESSES—Indorsement on Indictment During Trial.** Under section 6691, Snyder's Comp. Laws of Okla. 1909, it is within the discretion of a trial court to permit the names of additional witnesses for the prosecution to be indorsed on the information or indictment after the trial has begun; and, when the record fails to show an abuse of this discretion or that the defendant suffered any injury thereby, a new trial will not be granted on this account.

2.  **APPEAL—Waiver of Exceptions to Instructions.** Where counsel for appellant fail to incorporate in their brief exceptions taken to the instructions of the court to the jury and fail to point out wherein such instructions are erroneous, exceptions reserved to the instructions will be abandoned, and will not be considered or discussed by this court.

3.  **EVIDENCE—Acts of Co-Conspirators.** Where the evidence shows that the defendant and others were acting together in the commission of an offense, it is not error for the trial court to admit in evidence all that was said or done either by the defendant or those acting with him during the commission of such offense.

(Syllabus by the Court.)

*Appeal from District Court, Haskell County; Malcolm E. Rosser, Judge.*

Sid Stockton and Ed Clark and Tom Stockton were jointly prosecuted by information charging them with the offense of as-

sault with intent to murder. When the case was reached for trial, a severance was granted, and the appellant Sid Stockton was tried separately. He was found guilty by the jury of an assault with intent to murder, and his punishment was assessed at five years' imprisonment in the penitentiary, and he appealed. Affirmed.

*John W. Frederick,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. First. It is contended that the trial court erred in permitting the county attorney to indorse the names of additional witnesses on the information after the jury had been impaneled. Under section 6691, Snyder's Comp. Laws of Okla. 1909, it is within the discretion of the court to permit the names of additional witnesses for the prosecution to be indorsed on the indictment or informtaion after the trial has begun. See *Vance v. Territory,* 3 Okla. Cr. 208, 105 Pac. 307. There is nothing in the record which indicates that the court abused its discretion in this matter, or that the defendant suffered any injury thereby.

Second. On the trial of this cause, a number of exceptions were reserved to the instructions of the court. We have read the entire instructions given by the court to the jury and regard them as an admirable exposition of the law as applicable to the facts in this case. Counsel for appellant have not in their brief, or in oral argument before this court, attempted to point out any error in the instructions. The exceptions to the instructions have therefore been abandoned, and it is not necessary that they should be discussed.

Third. Upon the trial of this cause, it was proven that the appellant, Sid Stockton, and Tom Stockton and Ed Clark, had entered into a conspiracy to start a fight with William Leflore and with any other persons who might attempt to interfere therein, and that appellant, Sid Stockton, began fighting William Leflore, and that the defendants Tom Stockton and Ed Clark at-

tempted to prevent other persons from interfering with and stopping said fight, and that as the result of such conduct a disturbance ensued which amounted to a riot; that the difficulty began in a blacksmith shop in the town of Keota, in Haskell county, Okla., and extended to the street and lasted several minutes, during which time the greatest confusion existed; that during this difficulty Sam Shores, the man assaulted, attempted to interfere and stop the fight, and that either the appellant or one of the other parties acting with him cut the said Sam Shores in the back of the neck with a long-bladed knife; that the cut which the said Sam Shores received was at a vital part of his anatomy, was in the neck and from behind, and that a distance of one-half inch further would necessarily have severed his jugular vein. Some of the witnesses testified positively that they saw the appellant inflict the wound on said Shores. There is other testimony in the record which indicates that the wound was inflicted on the said Shores by one of the other parties who were acting with appellant, but all of the testimony makes it plain that the parties were acting together in the commission of the offense which amounted to a riot; that Shores interfered for the purpose of preserving the peace, when a cowardly and dastardly assault was made upon him from the rear, either by the appellant or by one of the other parties acting with him. The idea of stabbing a man in the back sends a thrill of horror to the heart of every good citizen, and is almost enough to freeze the blood in his veins. It is brutal and cowardly beyond the power of language to express. There is not one word of evidence in this record which tends to justify or mitigate the assault made. It is not the fault of the appellant and of those acting with him that Sam Shores survived the difficulty.

The trial court properly treated the entire difficulty as one transaction, and did not err in admitting in evidence all that was said and done, either by the appellant or those acting with him during said difficulty. They were all acting together in the commission of the offense, and the act of one was the act of all. The

evidence overwhelmingly and conclusively establishes the guilt of the appellant and those acting with him. Under the evidence in this case, we are surprised that the jury did not inflict the extreme penalty of the law. Lawless men should be taught that they cannot attempt to assassinate peaceable people and put an entire community in a condition of terror and escape with nominal punishment. They should be made examples of. No man is a hero in Oklahoma because he sheds human blood. The only way that this kind of conduct can be stopped is for juries and courts to fearlessly and impartially do their duty. It is for this purpose that laws are enacted and courts are established. Men must be made to know that, if they would maintain their liberty in Oklahoma, they must respect the rights of others and obey the law. Leniency to men who do not do this is a crime against society.

The judgment of the lower court is affirmed.

ARMSTRONG and DOYLE, JUDGES, concur.