## RALPH HAWKINS v. STATE.

No. A-1247.   Opinion Filed June 1, 1912.

(123 Pac. 1024.)

1.   **APPEAL—Briefs of Counsel—Argument.** (a) It is the duty of attorneys when they take an appeal to this court to file type-written or printed briefs setting forth fully and clearly the grounds upon which they rely for a reversal and a citation of authorities in support of their propositions.

(b) Where no brief is filed, this court will permit oral arguments to be made simply for the purpose of calling the attention of the court to such errors as may be patent upon the face of the record, but, where such oral arguments are made, counsel should always file with the court a synopsis of the propositions and authorities upon which they rely.

2.   **CONTINUANCE—Application—Indictment—Indorsement of Witnesses—Appeal.** (a) If an amended information is filed in a felony case, and counsel seek a continuance on account of surprise thereby, they must point out in their motion the specific reasons of said surprise so as to enable the court to determine as to whether or not this application is made in good faith and possesses merit or merely for the purpose of delay.

(b) The question of indorsing additional names of witnesses on an indictment or information in felony cases is addressed to the sound discretion of the trial court, and, unless it clearly appears from the record that this discretion has been abused, the action of the trial court in permitting such names to be indorsed on the indictment or information will be sustained.

(c) Where the evidence clearly shows that the appellant is guilty, a conviction will not be reversed upon purely technical grounds which do not involve the substantial merits of the case.

(Syllabus by the Court.)

*Appeal from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Ralph Hawkins was convicted of defrauding by false representations, and appeals.   Affirmed.

*I. H. Lookabaugh,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *A. L. Emery,* Co. Atty., for the State.

FURMAN, P. J.   First. . In this case counsel for appellant has neglected to file briefs, but has contented himself with appearing in open court and making an oral argument in behalf of his client.

Where an appeal is prosecuted to this court, it is the duty of counsel for appellant to file typewritten or printed briefs setting forth fully and clearly the grounds upon which they rely for a reversal, and citing the authorities in support of their propositions.   Where no briefs are filed, this court will permit oral arguments to be made for the purpose of calling the attention of the court to such errors as may be patent upon the face of the record.   It is, however, an exceedingly dangerous practice for counsel to rely upon oral arguments alone.   Eighty-two cases were set down for oral argument at this term of the court.   No sane lawyer would expect the court to remember all that was said in each oral argument made. · The only safe course for counsel to pursue is to file briefs, which will be taken up and considered in connection with the transcript of the record when the case is reached for decision.   If counsel, however, have been unable to prepare briefs, they should always file with the court a synopsis of the propositions relied upon and a citation of authorities supporting their oral arguments.   This was not done in the case at bar.   It is too much for counsel for appellant to expect this court to decide cases and brief them also.   We cannot act as counsel for appellant and also as judges of this court, and if, in considering a record, we should not remember all that was said by counsel for appellant in the oral argument, no one except counsel for appellant is to blame, for counsel had an opportunity to file briefs which would prevent the court from overlooking any proposition relied upon.

Second.   On the 27th day of January, 1911, an information was filed in the district court of Blaine county charging appellant with fraudulently obtaining money by false pretenses.   An amended information was filed on the 10th day of February. Counsel for appellant then filed the following motion for a continuance:

"In the District Court of Blaine County, Okla.
"State of Oklahoma v. Ralph Hawkins.
"Motion and Affidavit.

"Comes now said defendant Ralph Hawkins and moves the court grant him a continuance for a short period of days for the reason and upon the grounds set out in the affidavit hereto attached and made a part hereof.

"I. H. LOOKABAUGH,
"Atty. for Defendant.

"State of Oklahoma, Blaine County—ss.

"Ralph Hawkins being duly sworn deposes and says that he is the defendant in the above entitled action; that he cannot safely proceed to the trial of this case at this time upon the amended complaint for the reason that there are several material elements of the offense that is attempted to be charged included in the amended information that were not included in the original and which defendant requires evidence and can get same if given time to rebut or disprove which evidence was not needed or required to enable said defendant to be ready for trial on the original information and for that reason was not thought necessary to have by defendant's counsel and for that reason not secured and defendant has not said evidence at this time but can get same within a reasonable time. And for the further reason that a large number of witnesses have just been allowed by the court to be indorsed on the information without any knowledge or notice to defendant that would enable him to ascertain what said witnesses could or would swear to and if possible to obtain the necessary evidence to disprove or rebut. That no notice was served on defendant or his counsel that such witnesses would be used or requested and therefore had no reason to make inquiries as to what their evidence would be or to enable said defendant to secure evidence to rebut, disprove or explain the same and for these reasons the defendant is not ready for trial on the amended information but can get ready within a few days if the trial is postponed by the court.

"Defendant therefore asks the court to grant him a continuance of this case for a reasonable time in which to give defendant time to prepare for trial by ascertaining what the additional witnesses will prove and to enable him to secure such evidence as he may be able to rebut, disprove or explain same.

"That said defendant is confident he can secure such evidence within a reasonable time if given an opportunity to do so, and also secure evidence to rebut, disprove or explain the evi-

dence of the state on the several material elements of the offense that are included in the amended information that were not included in the original complaint.

"That defendant has been greatly surprised by the filing of the amended information *in toto* and requires and desires time to prepare for trial.

"RALPH HAWKINS.

"Subscribed and sworn to before me this 10th day of Feb. 1911.

"[Seal]                         E. J. WARNER,
                                    "Dist. Clerk,
                            "By MAMIE WOOLMAN,
                                        "Deputy."

This motion for a continuance is fatally defective and altogether insufficient. It nowhere states what, if any, additional elements of the offense charged are included in the amended information that were not also included in the original information, and which would require the production of additional testimony on the part of appellant. As a matter of fact, the amended information was filed on account of a demurrer presented by appellant to the original information pointing out purely technical defects therein, but the amended information does not set up any additional facts requiring the introduction of additional evidence, nor does the application give the names of any additional witnesses whose presence was made necessary by the filing of the amended information, and it does not state what the testimony of such additional witnesses would be, or show how such testimony would be material to the issues in this case. The objection that a large number of witnesses had been allowed by the court to be indorsed on the amended information is without merit. It was shown that several days before the trial commenced appellant was served with a list of all of the witnesses that were used against him.

Section 6691, Comp. Laws 1909, relating to felonies, among other things in express terms declares that "the court or judge may at any time direct the names of additional witnesses for the prosecution to be indorsed on the indictment, and shall order that such names be furnished to the defendant or his counsel."

As was said by this court in the case of *Ford v. State,* 5 Okla.
Cr. 244, 114 Pac. 275.

"The question of indorsing the names of witnesses is ad-
dressed to the sound discretion of the trial court, and, unless it
clearly appears that the discretion of the court was abused in
permitting such indorsement, the action of the court has been
uniformly sustained by this court."

In this application counsel utterly fails to show any abuse
of discretion on the part of the trial court. The motion for a
continuance was therefore properly overruled. It was evidently
filed for delay only.

Counsel reserved a number of technical objections to the
admission of evidence and to other rulings of the court, but
none of them are of substantial merit. This is a straight case
of obtaining money under false pretenses. Appellant did not
offer any testimony in his own behalf, and relied alone upon
the technical ability of his attorney to secure an acquittal or re-
versal. Where the record shows that a defendant has been fairly
tried and is guilty, it is utterly useless for counsel to appeal to
this court unless the record contains a jurisdictional defect or
affirmatively shows that the appellant has been deprived of a
substantial right to his injury. As we have before said, this
court does not split hairs for the purpose of keeping criminals
out of the penitentiary or from the gallows, but we stand uncon-
ditionally for a strict enforcement of law in Oklahoma; it mat-
ters not who the violators of the law or their counsel may be.

We find no error in the record. The judgment of the lower
court is therefore in all things affirmed. The mandate will issue
without delay.

ARMSTRONG and DOYLE, JJ., concur.