## CHARLEY HAVILL v. STATE.

No. A-2148.    Opinion Filed May 8, 1915.

1.    **EVIDENCE—Burden of Proof—Reasonable Doubt.** In the trial of a criminal case the burden is never upon the accused to establish any issue beyond a reasonable doubt. In certain cases he may be required to furnish sufficient evidence to raise a reasonable doubt, unless the proof on the part of the state raises such reasonable doubt; but more is never required of him.

2.    **APPEAL—Instructions on Burden of Proof—Reversal.** If, in the course of the trial, the court submits to the jury an instruction which has the effect of requiring the accused to establish his innocence or any other material fact beyond a reasonable doubt, and a conviction is had, a reversal will follow on appeal.

(Syllabus by the Court.)

*Appeal from District Court, Cleveland County;*
*R. McMillan, Judge.*

Charley Havill was convicted of maiming, and appeals. Reversed.

*B. F. Wolf* and *J. B. Dudley,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Charley Havill, was convicted at the July, 1913, term of the district court of Cleveland county on a charge of maiming, and his punishment fixed at imprisonment in the state penitentiary for a term of one year and one day.

The Attorney General has filed the following confession in error:

"The plaintiff in error was prosecuted for maiming. There is a sharp conflict in the testimony as to who was the real aggressor.   The evidence introduced by defendant tended to prove that the act for which he was being prosecuted was committed in defense of his person.   The court instructed the jury as follows:

" 'There is proof by the defendant going to the fact that the assault was brought on by Vandiver, the state's witness, and that what the defendant did was in his own necessary self-defense.   And if you find from the evidence in this case that Vandiver did bring on the difficulty, and did commit the first assault upon the defendant, and strike and bruise him or attempt to do so, the defendant himself having offered no justifiable provocation for such treatment, and that under such conditions they got into a fight, and that while in such fight the defendant, believing from conditions as viewed by him from his own standpoint at the time that it was necessary to do so, you are told that he had the right under such conditions to use such means as were at his command, whether his hands, knees, heels, teeth, or anything else, to resist the assault thus made upon him by the witness Vandiver; and that under such conditions he had a right not only to bite off the ear, but to even take the life of Vandiver, if he in good faith believed it was necessary to preserve or protect his own life and body from great bodily harm, or from death; and if you should so find you should acquit the defendant.

" '10.   On the contrary, if you do not so believe beyond a reasonable doubt, you will not acquit the defendant on the grounds of justifiable self-defense.'

"It appears that defendant excepted to instruction No. 10; that the error in giving said instruction was specifically assigned in the motion for new trial and assigned as error in the petition in error. In our opinion the giving of the instruction constitutes reversible error in that it placed the burden upon defendant to convince the jury beyond a reasonable doubt that he committed the act in self-defense.

"We therefore believe the judgment in the case should be reversed."

The confession in error is sustained and the judgment is reversed on account of the error contained in instruction No. 10, which instruction clearly places the burden on the accused to establish his innocence in the minds of the jury beyond a reasonable doubt. The court evidently did not intend to place any such burden on the accused, but the effect of the instruction does so none the less.

The judgment will be reversed and the cause remanded to the district court of Cleveland county to be disposed of according to law.

DOYLE, P. J., concurs. FURMAN, J., absent.