## LIGHTFOOT WEST v. STATE.

No. A-2443.   Opinion Filed January 15, 1916.

(153 Pac. 538.)

*Appeal from District Court, Canadian County;*
*John J. Carney, Judge.*

Lightfoot West, convicted of cattle theft, appeals.   Reversed.

*J. N. Roberson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, Lightfoot West, was convicted of the larceny of domestic animals and was sentenced to be imprisoned in the penitentiary for the term of five years.   The judgment was rendered on October 17, 1914.   To

reverse the judgment an appeal was perfected by filing in this court on March 15, 1915, a petition in error with case-made.

The attorney general has filed the following confession of error:

"In this case the court gives to the jury the following instruction:

" 'The unexplained possession of stolen property recently after the theft, by the party charged with the theft, is a circumstance tending to prove his guilt, and if you find from the evidence in this case, that the defendant has failed to give a reasonable explanation of his possession of the property alleged to have been stolen, consistent with his innocence, then you should consider the fact of his possession as a circumstance tending to prove his guilt; but, on the other hand, if you find that the defendant has given a reasonable explanation of his possession of such property, not inconsistent with his innocence such possession should not be considered by you as evidence of his guilt.'

" 'The defendant objected and excepted to the giving of the above instruction. John J. Carney, District Judge.'

"We think that this instruction is no longer the law of this state. It usurps the province of the jury, puts the burden on the defendant, requires an explanation on his part, and is contrary to the law of this state as laid down in *Cox* v. *Territory,* 2nd Okla. Cr. 678, 104 Pac. 378; *Slater* v. *U. S.,* 1st. Okla. Cr. 275, 98 Pac. 1010; *Askew* v. *U. S.,* 2nd Okla. Cr. 155, 101 Pac. 121; *Pickering* v. *U. S.,* 2nd Okla. Cr. 197, 101 Pac. 123. We therefore confess error." '

We are of the opinion that the giving of this instruction constitutes prejudicial error. It in effect deprives the defendant of the presumption of innocence. It shifts the burden of proof by requiring him to establish his defense by a preponderance of the evidence. It follows that the confession of error is well founded. The judgment herein is therefore reversed and a new trial awarded.