## JESSIE FINDLEY v. STATE.

No. A-2545.    Opinion Filed January 29, 1917.

(162 Pac. 680.)

1. **INTOXICATING LIQUORS—Instructions.** On a trial for the unlawful possession of intoxicating liquor, the court gave the jury the following instruction: "You are instructed that if you find from the evidence that the defendant had the barrel of beer testified to by the witnesses in her possession for her own personal use and with no intention of selling the same, you should find the defendant not guilty." **Held,** prejudicial error, as tending to shift the burden of proof.

2. **TRIAL—Instructions—Presumptions.** An instruction in the following language: "The defendant is presumed to be innocent of the crime charged until the contrary is made to appear by competent evidence to the satisfaction of the jury beyond a reasonable doubt; and, if you entertain a reasonable doubt of the guilt or innocence of the defendant, it is your duty to return a verdict of not guilty"—is error.

*Appeal from County Court, Kay County;*
*Joshua L. Roberson, Judge.*

Jessie Findley was convicted of a violation of the prohibitory law, and appeals.    Reversed.

*James Q. Louthan* and *L. A. Maris,* for plaintiff in error.

· *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the county court of Kay county, charging that one Jessie Findley did have in her possession "one barrel of beer for the unlawful purpose of violating the provisions of the prohibitory laws of the state," the plaintiff in error was tried and found guilty and her punishment fixed at imprisonment in the county jail for 30 days and a fine of $300.   From the judgment rendered on the verdict an appeal was perfected by filing in this court on September 21, 1915, a petition in error with case-made.

The errors assigned are, in effect, that the court erred in admitting incompetent evidence; that the verdict of the jury is contrary to law and the evidence; that the court erred in giving certain instructions which were duly excepted to.

The evidence for the state shows that William Dye, a transfer man at Kaw City, at the request of William Belmard, another witness for the state, hauled a barrel of bottled beer from the Santa Fe depot at Kaw City to the bridge, a distance of about 300 yards, and then by direction of said Belmard hauled it back to the depot; that he did not see the defendant there at that time; that shortly thereafter the city marshal seized the beer and arrested the defendant.

The Attorney General has filed in the case the following confession of error:

13 O C R—5

"In the trial of the instant case, we find several errors according to the decisions heretofore rendered by the appellate courts of this state:

"First, the name of William Belmard, witness for the state, was not originally entered on the information, and was not entered until after the jury was sworn. The evidence of this witness is most important in the case, and supplies the original link that connects the defendant with the commission of the misdemeanor charged. Her attorneys asked that the cause be suspended until they could prepare to meet this evidence, and this was refused, and the cause proceeded with. We think this was error. Section 5733, Rev. Laws 1910; *Ostendorff v. State,* 8 Okla. Cr. 372 [128 Pac. 143]; *Steen v. State,* 4 Okla. Cr. 314 [111 Pac. 1097]; *Colbert v. State,* 4 Okla. Cr. 500 [113 Pac. 558]; *Clark v. State,* 5 Okla. Cr. 189 [113 Pac. 992]; *Ford v. State,* 5. Okla. Cr. 240 [114 Pac. 273]; *Hawkins v. State,* 5 Okla. Cr. 282 [114 Pac. 356]; *Stockton v. State,* 5 Okla. Cr. 310 [114 Pac. 626]; *Hawkins v. State,* 6 Okla. Cr. 308 [118 Pac. 607]; *Hughes v. State,* 7 Okla. Cr. 118 [122 Pac. 554]; *Hawkins v. State,* 7 Okla. Cr. 385 [123 Pac. 1024].

"Another error was in permitting the books of the railroad to be introduced and read to the jury without having the same first identified and proved according to the statute. Rev. Laws 1910, sec. 5114. Also *Muskogee Electric Traction Co. v. McIntire,* 37 Okla. 684, 133 Pac. 213 [L. R. A. 1916C, 351]; *First National Building Co. v. Vandenberg,* 29 Okla. 583 [119 Pac. 224]; *Drumm-Flato Co. v. Edmisson,* 17 Okla. 344 [87 Pac. 311]; *Missouri, K. & T. Ry. Co. v. Davis* [24 Okla. 677] at page 692 [104 Pac. 34, 24 L. R. A. (N. S.) 886]; *Missouri, K. & T. Ry. Co. v. Walker,* 27 Okla. 849 [113 Pac. 907].

"We think there was error in charge No. 2 of the court. There he says to the jury: 'The defendant is presumed to be innocent of the crime charged until the contrary is made to appear by competent evidence, to the satisfaction of the jury beyond a reasonable doubt; and

if you entertain a reasonable doubt of the guilt or inno-
cence of the defendant, it is your duty to return a verdict
of not guilty.' Here the court puts the burden on the
defendant of proving his innocence, and all the authori-
ties hold that the burden is on the state throughout. See
*Rea v. State,* 3 Okla. Cr. 271 [105 Pac. 381]; *Culpepper
v. State,* 4 Okla. Cr. 111 [111 Pac. 679]; *Cowherd v. State,*
7 Okla. Cr. 1 [120 Pac. 1021]; *Nichols v. State,* 10 Okla.
Cr. 250 [135 Pac. 1071]; *Havill v. State,* 11 Okla. Cr. 483
[148 Pac. 683].

"In connection with this charge, there was read to
the jury instruction No. 5, which is as follows: 'You are
instructed that if you find from the evidence that the de-
fendant had the barrel of beer testified to by the witness
in her possession for her own personal use, and with no
intention of selling the same, you should find the defend-
ant not guilty.' We say that this instruction puts the
burden on the defendant according to the authorities cited
just above, and see, also, *West v. State,* 12 Okla. Cr. 198,
153 Pac. 538.

"So we think this cause should be sent back; that the
court below and the county attorney may try it again.
We do not question the guilt of the defendant; she seems
to be an old offender, but she must be convicted according
to some legal rule, and we say that the instant conviction
was not had that way."

After a careful examination of the record we are of
opinion that the confession of error is well founded, and
that for the reasons therein stated the plaintiff in error
did not have that fair trial to which she was entitled. It
follows that the judgment appealed from should be, and
is, hereby reversed.

ARMSTRONG and BRETT, JJ., concur.