## J. L. NORWOOD v. STATE.

No. A-2569.  Opinion Filed January 12, 1918.

Rehearing Denied September 24, 1918.

(169 Pac. 656.)

1.  **TRIAL—Preliminary Examination—Indorsement of Complaint.** After a justice of the peace has certified to the court the record of a preliminary examination of an accused person held by him for trial upon a charge of crime, he may, upon motion to quash the information for failure to indorse upon the original complaint that he found a crime had been committed and that defendant was probably guilty thereof, by leave of the court and before the trial commences, complete such record by making said indorsement where the same is not inconsistent with the trancript of the record as previously made ·and certified.

2.  **INDICTMENT AND INFORMATION—Preliminary Examination—Jurisdiction.** Section 17, Bill of Rights, prescribes: "No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examinaton." **Held,** that under the constitutional provision the precedent fact that a preliminary examination has been had or waived. constitutes a jurisdictional basis for a prosecution on information in the district court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial .determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that the defendant is

guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant.

*Appeal from District Court, Oklahoma County;*
*John W. Hayson, Judge.*

J. L. Norwood was convicted of forgery in the second degree, and he brings error. Affirmed.

*E. C. Patton* and *C. W. Stringer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *C. W. King,* Asst. Atty. Gen., for the State.

MATSON, J. In the brief of counsel for plaintiff in error the only alleged errors relied upon are that the court erred to the prejudice of the plaintiff in error in overruling the motion to quash the information, and in permitting the justice of the peace, upon the motion of the county attorney, to amend the record of the prosecution by indorsing upon the original complaint an order to the effect that he found a crime had been committed as charged in the original complaint, and that there was probable cause to believe that the plaintiff in error in this case and the other jointly charged were guilty of its commission. This indorsement concurred with the oral testimony given by the justice of the peace upon the hearing of the motion to quash in the district court, the same not being inconsistent with the transcript theretofore filed by him. We are of the opinion that there is no merit in either of these contentions.

First. The district court had jurisdiction to permit the justice of the peace to amend his proceedings. The following authorities are in point:

12 Cyc. 320, where it is said:

"After the justice had certified the record of the preliminary examination, he may, upon the trial, and by direction of the court, amend or complete his record where it is deficient, by inserting additional or corrected entries consistent with the record as previously made out and certified."

In *State v. Geary*, 58 Kan. 502, 49 Pac. 596, it is said:

"After a justice of the peace has certified to the * * * court the record of a preliminary examination of an accused person held by him for trial upon a charge of crime, he may, upon such trial, by leave of the court, complete such record, in any respect in which it is deficient, by additional entries therein not inconsistent with the record as previously made and certified."

See, also, *People v. Wright*, 89 Mich. 70, 50 N. W. 792; *State v. Clark* (Kan.) 49 Pac. 1117.

After this indorsement was permitted to be made, which we hold it was proper for the court to permit, there was no question as to the jurisdiction of the district court, because it clearly appears therefrom that the plaintiff in error had been accorded a preliminary examination in full compliance with the requirements of the Constitution, thus to permit a prosecution by information in the district court.

In *Williams v. State*, 6 Okla. Cr. 373, 118 Pac. 1006, it was held by this court:

"Section 17, Bill of Rights, prescribes: 'No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.' *Held*, that under the constitutional provision the precedent fact that a preliminary examination has

been had or waived, constitutes a jurisdictional basis for a prosecution on information in the district court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that defendant is guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant."

It is the fact that a preliminary examination has been had or waived which confers the jurisdiction upon the district court. A mere clerical error on the part of the justice of the peace in failing to indorse this fact upon the preliminary complaint cannot deprive the district court of the power to assume jurisdiction of the prosecution, if the fact itself existed, and when that fact was made to appear, before trial, as in this case, then the jurisdiction of the district court immediately attached, and the said court had authority and power to proceed fully with the investigation. See, also, *Tucker v. State,* 9 Okla. Cr. 587, 132 Pac. 825; *Sayers v. State,* 10 Okla. Cr. 195, 135 Pac. 944; *Id.,* 10 Okla. Cr. 233, 135 Pac. 1073.

The facts appear to be, and there is little dispute thereon, that certain parties jointly informed against with the plaintiff in error, Norwood, told him they desired to have him assist in fixing a deed to a tract of land to take the place of a lost deed, and desired his direction as to a notary public who would take the acknowledgment of persons not present, and the said parties were directed and accompanied by the defendant, Norwood, to the office of

one J. D. C., an attorney at law and notary public. It appears that the deed in question was presented to Norwood, with the explanation that it was a substituted deed for one already in existence, but which had been lost, and that it was necessary to have it fixed up so that it could be placed in the abstract to enable the parties to secure a loan on the land therein described. Prompted by his disposition to accommodate his friends the said Norwood admits that he assisted in the forgery of the names of the grantors to said deed, and the same was acknowledged before said notary public and delivered. Norwood denies, however, that he received any consideration therefor, but says he merely thought that he was doing an act of accommodation for his friends in the transaction, and that no one would be harmed thereby. This pretended defense is culpable within itself. It is unavailing to resort to this court and ask that a judgment of conviction be set aside upon mere technical grounds when such a defense as this is interposed.

The judgment of the trial court is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.