## JAMES BRADSHAW v. STATE.

No. A-2874—Opinion Filed July 26, 1919.

Rehearing Denied January 12, 1920.

(185 Pac. 1102.)

1. **PRELIMINARY EXAMINATION — Transcript — Correction.**
Where several persons are jointly charged in a preliminary
complaint with the crime of robbery and waive examination
thereon, and the justice of the peace fails to show by proper
transcript that all of said defendants had waived a preliminary
examination in that case and had been bound over to answer
the charge in the district court, the said justice of the peace
may, upon motion to set aside the information in the district
court because no preliminary examination had been given the
defendant, by leave of said court, correct his transcript to
speak the truth by showing that the defendant had waived a
preliminary examination of the charge contained in the infor-
mation filed in the district court.

2. **INDICTMENT AND INFORMATION—Motion to Set Aside—
Waiver of Preliminary Examination.** Where, upon hearing of
a motion to set aside the information because no preliminary
examination has been had, the trial court, after amendment of
the transcript by the justice of the peace, finds as a matter of
fact that the defendant had waived a preliminary examination,
and the transcript of the justice of the peace as amended clearly
supports such finding, there is no error in overruling the motion
to set aside the information on such ground.

3. **APPEAL AND ERROR—Discretion of Trial Court—Indorsement
of Witnesses.** After one C., a codefendant, had pleaded guilty
to the charge, and after the trial had commenced, the state asked
permission to indorse his name upon the information and to use
him as a witness against the defendant. **Held** discretionary
with the trial court. Where no manifest abuse of such discre-
tion appears, a judgment of conviction will not be reversed.

4. **APPEAL AND ERROR — Briefs — Evidence — Review.** Where
counsel for defendant have wholly failed to comply with rule 7
of this court by incorporating in the brief "the full substance of
the evidence admitted or rejected, stating specifically the ob-
jection thereto when the error alleged relates to the admission
or rejection of evidence," and the brief of the Attorney General
sets forth certain facts and circumstances detailed in evidence

by the state's witnesses which tend to show that the evidence complained of was properly admitted, and there is no claim by defendant's counsel that the Attorney General has misstated the record, this court will not closely scrutinize the record for the purpose of substantiating the defendant's claim; an apparent unchallenged refutation thereof appearing from the state's brief.

*Appeal from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

James Bradshaw was convicted of the crime of conjoint robbery, and he appeals. Judgment affirmed.

*McCombs & McCombs, L. C. McNabb,* and *W. A. Carlile,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Sequoyah county, wherein the defendant was convicted of the crime of conjoint robbery, and sentenced to serve a term of five years' imprisonment in the state penitentiary. From this judgment he has appealed and urges in this court three separate grounds for reversal of the judgment, which will be considered in the order presented in the brief.

First, it is contended that the trial court erred in overruling the defendant's motion to set aside the information on the ground that no preliminary examination had been held.

The contention of counsel for defendant is rather unusual. The record discloses, after the justice of the peace had amended his transcript in the district court, that after the bank at Vian had been robbed, this defendant and others were charged before a justice of the peace at Vian by a complaint with an offense which was stated in the complaint and warrant to be "conspiracy to rob."

None of the facts constituting the offense were pleaded in the complaint, and all these proceedings were had without the knowledge of the county attorney, who resided and had his office in the county seat at Sallisaw.

After the county attorney appeared in the justice of the peace court, a complaint under oath was filed as a substitute in one of the cases, charging all the defendants jointly with the crime of conjoint robbery in robbing the First National Bank of Vian, the same crime set forth in the information upon which this trial resulted in the conviction of this defendant. Some days after the filing of this later complaint, the defendant appeared in the justice of the peace court at Vian and waived a preliminary examination, and the justice of the peace, in making his transcript, only showed that one of the defendants jointly charged, to wit, the defendant Compton, was bound over to answer to the charge of robbery as lodged in the substituted complaint filed by the county attorney. But other of the defendants, including Bradshaw, gave bond to appear and answer to the charge of robbery in the district court of said county, as preferred in said preliminary complaint. The county attorney subsequently filed the information in the district court jointly charging these defendants with the crime of conjoint robbery, as alleged in the preliminary complaint filed with the justice of the peace at Vian.

It also appears that the justice of the peace made out a separate transcript in all the other cases filed before him charging a conspiracy to rob, believing, no doubt, that conspiracy to rob charged a felony, and that the defendants, having waived a preliminary examination, did so as to all the offenses then pending before him. This

apparent misunderstanding of the law on the part of the justice of the peace was attempted to be taken advantage of in the district court. Counsel for defendant contended that they had only waived a preliminary examination as to the charge of conspiracy to rob.

This presented the anomalous condition of the defendant claiming to have waived a preliminary examination only in a misdemeanor case, in which no preliminary examination could have been held, and led to the investigation of the justice of the peace records, and to the amendment of his transcript in the robbery case to speak the truth, by showing that each of the defendants had waived a preliminary examination in that case, and had been bound over to answer the charge in the district court of Sequoyah county. The justice of the peace had a right to amend his record to speak the truth in this particular and it was the duty of the trial court to see that such record was amended to speak the truth. *Williams v. State,* 6 Okla. Cr. 373, 118 Pac. 1006; *Norwood v. State,* 14 Okla. Cr. 637, 169 Pac. 656.

The trial court made a finding to the effect that the defendant had waived a preliminary examination of the charge of conjoint robbery preferred against him, and the amended transcript filed by the justice of the peace clearly supports the finding of the court in that respect. We find, therefore, from the record before us, that the first assignment of error is without merit.

It is next contended that the court erred in permitting the state to use Emmett Compton as a witness against the defendant, and in permitting the state to indorse the name of said witness upon the back of the information

after the trial had begun, over the objection and exception of the defendant.

The record discloses that the said Emmett Compton was jointly charged with the defendant with the commission of this robbery; that before the defendant's trial had commenced the said Emmett Compton had entered a plea of guilty of the charge, but that the court had not at the time he testified pronounced sentence upon said plea.

That the said Compton was a competent witness against the defendant and on behalf of the state is the holding of this court in the following cases: *Brown v. State,* 9 Okla. Cr. 382, 132 Pac. 359; *Montgomery v. State,* 13 Okla. Cr. 662, 166 Pac. 449.

That it was discretionary with the trial court to permit the state to indorse the name of this witness upon the back of the information during the progress of the trial, and that a reversal of the conviction on account of such action will not result unless the court has clearly abused its discretion, is the holding of this court in the following cases. *Stockton et al. v. State,* 5 Okla. Cr. 310, 114 Pac. 626; *Hawkins v. State,* 7 Okla. Cr. 385, 123 Pac. 1024; *Bigfeather v. State,* 7 Okla. Cr. 364, 123 Pac. 1026; *Grayson v. State,* 12 Okla. Cr. 226, 154 Pac. 334.

An examination of the record fails to disclose any manifest abuse of discretion upon the part of the trial court in permitting the name of this witness to be indorsed upon the information. It cannot be said that the defendant was at all surprised by this denouement on the part of the state; rather, it appears that the defendant was advised that his codefendant Compton would testify in behalf of the state. No ground of error is presented in

the second assignment such as would authorize this court to reverse the judgment.

Lastly, it is contended that the court erred in permitting the state to prove acts and declarations of the co-defendants not on trial as against this defendant, both before and after the commission of the offense, without having first established a conspiracy between such codefendants and this defendant, or without evidence of any concert of action on their part toward the commission of the offense.

Rule 7 of this court, relative to briefs and the contents thereof, among other things, provides:

"When the error alleged relates to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, stating specifically the objection thereto."

Counsel have wholly failed to comply with this rule of the court. Nowhere in the brief is the substance of the evidence set out in full which it is claimed was erroneously admitted, nor is there any discussion of evidence claimed to be erroneously admitted, calling attention of the court to its relation to the other evidence in the case. Counsel merely call the court's attention to the evidence of certain witnesses, and leave it to the court to search the record for the evidence complained of and to discover by our own investigation the alleged error, if any.

The Attorney General, in his brief, has called the attention of the court to certain facts and circumstances detailed in evidence by the state's witnesses which tended to show a concert of action between this defendant and the other defendants jointly charged with him toward the commission of this crime. Under the previous opinions

of this court, such facts and circumstances were sufficient to permit the jury to conclude that a conspiracy existed between these defendants to commit this bank robbery, and therefore the evidence complained of was admissible. *Ex parte Hayes et al.,* 6 Okla. Cr. 231, 328, 118 Pac. 609; *Starr v. State,* 5 Okla. Cr. 440, 460, 115 Pac. 356; *Holmes v. State,* 6 Okla. Cr. 541, 555, 119 Pac. 430, 120 Pac. 300; *Burns v. State,* 8 Okla. Cr. 554, 569, 129 Pac. 657; *Irvin v. State,* 11 Okla. Cr. 301, 146 Pac. 453.

The failure of counsel for the defendant to comply with the rules of this court warrants the court, in the face of the fact that no reply has been made to the brief of the Attorney General setting out the detailed facts and circumstances which he claims authorized the admission of this evidence, to conclude that there is little merit in this assignment, in view of all the evidence in this case which clearly points to the defendant's guilt.

There is no error in this record which deprived the defendant of any substantial right or resulted in a miscarriage of justice.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.