## J. B. STEINER v. STATE.

No. A-5312. Opinion Filed March 6, 1926.
(243 Pac. 1002.)

Streeter Speakman, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted of grand larceny in the superior court of Creek county, sentenced to serve a term of three years in the state penitentiary.  An examination of the record discloses that a preliminary complaint was filed before a justice of the peace and a preliminary hearing had; upon the conclusion of the hearing, the court, after reciting something of the proceedings, concluded as follows:

"* * * After due consideration of the testimony adduced, the court bound deft. over to the superior court, fixing bond in the sum of $2,500."

The papers were then transmitted to the superior court and an information filed.

The defendant's motion to quash the information for the reason that the preliminary complaint before the justice of the peace was not verified was overruled, which ruling is assigned as error.  The law requires that a complaint be verified.  Section 2959, Comp. Stat. 1921.  This provision of the statute is intended to safeguard the personal security and liberty of the individual and to prevent the issuance of warrant and arrest

upon baseless and unfounded prosecutions. An unverified complaint is sufficient for all purposes except the issuance of a warrant. The failure to verify may be waived, and is waived by proceeding without objecting to the sufficiency of the complaint on that ground to give jurisdiction of the person. Here the defendant made no objection to the preliminary complaint, but demanded and was awarded a preliminary hearing upon it. He did not challenge it until an information was filed in the superior court. The objection came too late. In re Talley, 4 Okla. Cr. 398, 112 P. 36; In re Cummings, 11 Okla. 286, 66 P. 332; Bergdohl v. People (Colo.) 61 P. 228; State v. Brown (Mo.) 79 S. W. 1111.

It is further argued that the court erred in overruling the motion to quash for the reason that there was no finding by the justice of the peace that a crime had been committed and that there was sufficient cause to believe the defendant committed it. The only record purporting to be an order holding the defendant for the superior court is as above recited. The statute, section 2497, Comp. Stat. 1921, is as follows:

"If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect: It appearing to me that the offense named in the within complaint mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same." Williams v. State, 6 Okla. Cr. 373, 118 P. 1006; Bradshaw v. State, 16 Okla. Cr. 624, 185 Pac. 1102; Norwood v. State, 14 Okla. Cr. 637, 169 Pac. 656.

In order to give the county attorney authority to file an information charging a felony predicated on a

preliminary examination, it is necessary that the magistrate before whom such preliminary is held find that a public offense had been committed and that there is sufficient cause to believe the defendant guilty thereof. If such order is made and not indorsed on the complaint, the court to which the proceedings are sent has jurisdiction to order the proper indorsement made on the complaint, or if entered on the docket of the justice and not on the complaint, to order a transcript made and filed in the trial court. When the proceedings are challenged and it is made to appear that no order was made by the magistrate, the court is without jurisdiction. As was said in the case of Williams v. State, supra:

"The determination of the examining magistrate would seem to be no less important and jurisdictional than is the finding of a grand jury upon an indictment."

See, also, Payne v. State, 30 Okla. Cr. 219, 235 Pac. 558.

Probably the justice who held the preliminary made the proper order. If he did, when the jurisdiction of the superior court was challenged and the proper finding and order were not in the transcript, it was the duty of the superior court to ascertain if they had in fact been made, and if so, to have them certified to his court and there filed. If the finding and order had not been made, the motion to quash should have been sustained and the defendant discharged or a preliminary trial ordered. Since there was not a sufficient finding and order as required by section 2497, Comp. St. 1921, the superior court did not have jurisdiction.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.