## H. S. POSTEN v. STATE.

No. A-6065.  Opinion Filed May 19, 1928.
(267 Pac. 493.)

L. D. Williams and W. W. Holloway, for plaintiff in error.

George F. Short, Atty. Gen., and J. Berry King, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, for brevity hereinafter called defendant, was convicted in the superior court of Okmulgee county on a charge of receiving stolen property and was sentenced to pay a fine of $100 and to be imprisoned in the county jail for a term of six months.

From the record it appears that late in October, 1924, three rugs were shipped from New York City over the St. Louis & San Francisco Railway Company to a consignee at Henryetta, Okla. A short time later, at Henryetta, it was discovered that these rugs were missing from the car in which they were shipped. Some three months after they were missed one of these rugs was found by certain officers on the floor of defendant's home in Henryetta. The evidence is that these officers went to the home of defendant, told him they had no search warrant, but were loking for stolen property; defendant told them they might search. Upon their discovering the rug defendant stated he had purchased it at Tulsa. The officers returned the next day and took away, as stolen property, the rug, which was identified by make, stock number, and pattern. Harve Powell for

the state testified, in substance, he was serving a term in the penitentiary for burglary of a box car; that he had been well acquainted with defendant for several years; that he and two other persons, Davis and Jones, burglarized the box car and took the three rugs, and they were divided; however, he did not know of his own knowledge that one of the rugs was sold to defendant. One other of the rugs was found at the home of the witness Powell and one at the home of Fan Davis. Defendant did not take the stand. His wife testified, in substance, that she bought the rug in question from some person who looked like a foreigner who came to her premises in October preceding the time the rug was found there in February and paid him $15 for it; that her husband never asked her where she got the rug, but she told him she bought it. One of the officers, in rebuttal, testified that at the time the rug was discovered in the home of defendant, the witness Mrs. Posten stated she had bought it on the installment plan and could get receipts showing where she had made payments on it.

The first contention made is that the court erred in refusing to quash the information. At the preliminary the justice of the peace before whom it was held made a finding of probable cause, but in his certificate certifying the cause to the superior court he failed to include a statement of a finding of probable cause, as required by section 2497, Comp. St. 1921. Upon objection being made the state asked permission to correct the certificate, which was done; the justice testifying that the certificate was made in conformity to his finding and that it was omitted in the original certificate by oversight. This court, in the case of Norwood v. State, 14 Okla. Cr. 637, 169 P. 656, held:

"After a justice of the peace has certified to the court the record of a preliminary examination of an

accused person held by him for trial upon a charge of crime, he may, upon motion to quash the information for failure to indorse upon the original complaint that he found a crime had been committed and that defendant was probably guilty thereof, by leave of the court and before the trial commences, complete such record by making said indorsement where the same is not inconsistent with the transcript of the record as previously made and certified."

The same holding in subtsance is made in Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102. There was no error in permitting the amendment of the certificate and thereupon overruling the motion to quash.

It is further argued that the court erred in admitting incompetent evidence. This was directed to some evidence that other stolen property was discovered at defendant's home at the same time the rug was discovered. The evidence upon this point was slight, and, even if inadmissible, is not of sufficient importance to warrant a reversal. It was probably admissible. See Starr v. State, 7 Okla. Cr. 574, 124 P. 1109.

Some other matters are discussed in the briefs; all have had attention, but none of them are of sufficient importance to require any special discussion. The evidence, though circumstantial, is ample to support the verdict and judgment.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.