## LEON DUNLAP v. STATE.

No. A-7317.    Opinion Filed April 26, 1930.
(287 Pac. 750.)

Hepburn & Hepburn, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.    The plaintiff in error, hereinafter called the defendant, was charged with the larceny of an automobile, convicted, and his punishment fixed at five years in the penitentiary.    From which judgment and sentence the defendant has appealed.

The testimony on behalf of the state shows an automobile belonging to the Pickering Lumber Company, a corporation, was on the 19th day of February, 1927, taken from where the agent of the company had parked it in the city of Henryetta, Okla., and later on the defendant was found in possession of it somewhere near the city of Bristow, in Creek county, Okla.    The automobile had been taken on the 19th day of February, 1927, and recovered

about the 1st of April, 1927. The officers testify they asked the defendant where he got the car and the defendant stated he did not know who the man was he got it from. The officers stated they had seen the wife of the defendant and Nellie Kimes driving in the car before it was found in front of Turley's place, in Creek county. One of the officers testified that on the way from the jail in Creek county to Okmulgee county the defendant asked how they came to take him for stealing the car when he had bought it down in Seminole. He stated he did not know from whom he bought the car. On cross-examination the witness stated he understood him to say he bought it but he might have said the man loaned it to him.

Two witnesses testify as to the good reputation of the defendant in the community in which he lived.

The defendant has assigned several errors alleged to have been committed by the trial court. We will first consider the eighth assignment of the defendant, which relates to the giving of the eighth instruction, which is as follows:

"You are further instructed that before you can convict the defendant, Leon Dunlap, you must find, beyond a reasonable doubt, from all the evidence, facts and circumstances proven in this case, that he is guilty of, or in complicity with the original taking of said automobile; and any subsequent connection, after the taking would not be larceny of a motor vehicle in him, whether in good or bad faith. And if you find from all the evidence, facts and circumstances, beyond a reasonable doubt, that the defendant, Leon Dunlap, received the Ford Coupe in question from any other parties, after the felonious taking thereof, whether in good or bad faith, he is not guilty of larceny of an automobile and you must acquit him."

It is urged by the defendant that the objectionable part of the instruction is as follows:

"And if you find from all the evidence, facts and circumstances, beyond a reasonable doubt, that the defendant, Leon Dunlap, received the Ford Coupe in question from any other parties, after the felonious taking thereof, whether in good or bad faith, he is not guilty."

The defense of the defendant is that he received this car from a man in Seminole. It is fundamental in criminal law that the burden of proof is upon the prosecution to prove beyond a reasonable doubt each and every material element of the crime charged in the indictment or information before the jury is warranted in finding the defendant guilty. The defendant is never required to establish any material element of his defense beyond a reasonable doubt. This rule was laid down in Mahaffey v. Ind. Ter., 11 Okla. 213, 66 Pac. 342, and has been uniformly followed ever since.

In Havill v. State, 11 Okla. Cr. 483, 148 Pac. 683, it is said:

"If, in the course of the trial, the court submits to the jury an instruction which has the effect of requiring the accused to establish his innocence or any other material fact beyond a reasonable doubt, and a conviction is had, a reversal will follow on appeal."

In the Havill Case the court instructed the jury on the law of self-defense, which concluded as follows:

"On the contrary, if you do not so believe beyond a reasonable doubt, you will not acquit the defendant on the grounds of justifiable self-defense."

A confession of error was filed by the Attorney General in Havill v. State, supra. The confession of error was sustained and the case reversed.

In Carter v. State, 12 Okla. Cr. 164, 162 Pac. 1132, the court said:

"Instructions which tend to shift the burden of proof by requiring the defendant to establish his defense by a preponderance of the evidence should not be given in any criminal case."

The Attorney General in his brief makes the following statement:

"Counsel for the defendant have cited numerous authorities to the effect that this court has held the giving of similar instruction to be reversible error. If this were a case in which the defendant took the witness stand and testified himself to any facts which entitled him to an acquittal, the Attorney General would not hesitate to confess that the giving of such an instruction was a reversible error."

The defendant has a perfect right to stand upon the testimony of the state and instructions of the court to the jury if he believes the same are not sufficient to sustain the allegations in the indictment or information. It is the duty of the court to properly declare the law as applied to the testimony in the case, and, if the court in instructing the jury does not correctly state the law to the jury, the defendant has the right to take advantage of that error. In this case it clearly appears that the court erred in giving its instruction 8 to the jury.

There are other errors assigned which possess considerable merit, but, in the view we take of this record, we do not deem it necessary to consider them. The case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.