## STROUD v. STATE.

No. A-11585. Feb. 6, 1052.

(240 P. 2d 1125.)

J. Harold Land, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, James D. Stroud, was charged by an information filed in the district court of Oklahoma county with the crime of robbery by force and fear after former conviction of a felony; was convicted of robbery by force and fear, with the punishment left to the discretion of the court. After motion for new trial was overruled, the defendant was sentenced to serve a term of seven years imprisonment in the State Penitentiary, and has appealed.

Leon Pitts testified that shortly before dark on August 19, 1950, he went to a pool hall operated by one Bubber York to purchase some snuff; that when he entered the establishment he noticed defendant sitting inside the hall. Pitts purchased the snuff and also a bottle of pop. He had six one dollar bills in his pocket and he pulled out the bills and handed one of them to the proprietor to pay for the purchases. He took the change, together with the five one dollar bills, and placed them in his pocket. Shortly after leaving the pool hall and while walking down a railroad track about 60 yards from the pool hall Pitts was struck on the head by defendant and his money was taken. Besides Pitts, James E. York, owner of the pool hall, and Fred Wilson, testified concerning the robbery. York was the proprietor of the pool hall and Wilson was inside of the pool hall at the time Pitts entered and made his purchases. They testified that immediately after Pitts left the pool hall Stroud got up and walked out behind him. Wilson left shortly afterwards and saw Stroud catch up with Pitts and strike him. He called for York and York ran out of the pool hall and saw both parties on the ground. They then saw Stroud get up and cut across to Fourth street and start up Fourth street. Pitts also got up and left.

The officers were notified of the robbery by Pitts after he had arrived home. They testified as to the bruised and swollen place on the head of Pitts where he had been struck by some blunt object. They also testified that later that night they arrested Stroud and he had one dollar in change and some keys on his person.

The defendant did not testify, but he introduced evidence that he was at another place at about the time the robbery is alleged to have occurred. The sister of the defendant testified that on the morning of the day defendant was arrested for this offense she gave defendant five one dollar bills. She testified that at the time of the alleged robbery defendant was at her home staying with her little boy while she went to the grocery store; that defendant left her place between 9:00 and 9:30 p. m.

The first assignment of error is that the state erred in introducing evidence of the bad reputation of defendant when the defendant had not placed his reputation in issue by offering evidence of his good reputation. This assignment of error is directed at the testimony of Cliff Myers, court clerk of Oklahoma county. Myers identified the information, the verdict of the jury, the judgment and sentence, and the receipt of the warden of the state penitentiary in case No. 8089, State of Oklahoma v. James D. Stroud; case No. 9322, State of Oklahoma v. James D. Stroud; and case No. 12310, State of Oklahoma v. James D. Stroud. These three cases were cases where one James D. Stroud had been convicted in the district court of Oklahoma county. In case No. 9322 the defendant was referred to therein by the name James D. Stroud and also as Jimmy Stroud. After these various exhibits had been identified by the court clerk, they were admitted in evidence over objection of counsel for defendant.

E. E. Jones, policeman, then testified for the state that the James D. Stroud who was convicted in the three cases mentioned by the court clerk was the same

James D. Stroud who was on trial. On cross-examination it was brought out that his identification of defendant was based upon the fact that the witness had seen the records in the police department of the former convictions and had seen the defendant's picture in the records, but he admitted that he was not present at the time the cases were tried and did not personally know anything about the trial and did not transport the defendant to the penitentiary. The court thereupon sustained the objection of counsel for defendant to the admission of all the evidence pertaining to the former convictions, and at the time stated to the jury:

"There has been some evidence here that there was a James Stroud convicted of other crimes, but there has been no identification that he was the same person. You will be instructed, Gentlemen of the Jury, to disregard any evidence about these former convictions, wholly and entirely."

The court not only gave the jury the above admonishment at the time he sustained the objection of counsel to the introduction of such evidence, but in instruction No. 4 he further instructed the jury as follows:

"You are instructed that while the defendant is charged with Robbery By Force and Fear After Former Conviction of a Felony, the State has wholly failed to prove by any competent evidence that the defendant has heretofore been convicted of a felony and you will, therefore, not consider this part of the charge for any purpose, and you will not consider for any purpose any of the testimony introduced by the State concerning any alleged former conviction of the defendant, as the defendant, in all criminal cases, is presumed to be not guilty of the crime charged, and before the State can rely upon a former conviction that fact must be proven by competent material evidence and beyond a reasonable doubt; and, as already heretofore instructed, this, the State has wholly failed to do, and such testimony cannot be considered by you for any purpose."

We have repeatedly condemned attempts by the prosecution to get before the jury evidence which was inadmissible, especially in regard to former convictions of the accused where the same has not been plead in the indictment or information, and the defendant has not been offered as a witness in his own behalf. Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Pressley et al. v. State, 71 Okla. Cr. 436, 112 P. 2d 809; Love v. State, 84 Okla. Cr. 385, 182 P. 2d 793. In all of these cases it is emphasized that the bad character of the defendant may not be shown until after the defendant puts his character in issue.

We do not think the facts of the instant case come within the rulings of any of the above cases. Here the defendant was charged in the information with having committed the crime of robbery after former convictions in three felony cases which were specifically named in the information. The prosecution followed the suggestions which this court has advanced in many cases as a proper way to introduce evidence as to the former convictions. Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389; Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109; Lee v. State, 67 Okla. Cr. 283, 94 P. 2d 5; Carr v. State, 91 Okla. Cr. 94, 216 P. 2d 333, certiorari denied, 340 U. S. 840, 71 S. Ct. 28, 95 L. Ed. 616.

The county attorney was evidently relying in good faith upon the statement of the police officer that he knew the defendant was the person who had been convicted in the other three cases. The trial court acted upon the assumption that the evidence pertaining to the former convictions was insufficient to justify submitting the evidence upon such issue to the jury. However, this court has held that the proof of former convictions may be shown by circumstantial evidence the same as any other material fact placed in issue by the plea of not guilty. In Files v. State, 16 Okla. Cr. 363, 182 P. 911, this court held:

"Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered * * * of one of the same name

as that of the defendant on trial, it is not necessary for the state to prove that the person named in said former conviction and the defendant on trial is one and the same person."

In Pitzer v. State, supra, it was held:

"Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered of one of the same name as that of the defendant on trial, the same will be considered as strong circumstantial evidence that the person named in the former conviction and the defendant on trial are one and the same person; and where no contradictory evidence is introduced, the same will be held to be sufficient to show a prior conviction."

We think it is best to identify the defendant as being the same person shown to have been convicted in the former cases, but where the date set forth in the information, judgment, and sentence, and other exhibits introduced in connection with the former convictions show the person to have the identical name of the accused, and that such convictions were sustained in the county where accused resided, and that, as shown here by the testimony of the police officer, that during the period of time during which the accused was allegedly in the penitentiary that he was absent from his usual place of residence in his home county, the same makes out a prima facie case, and, in the absence of any rebutting evidence, is sufficient to require such issue to be submitted to the jury.

It is our conclusion that this assignment of error may not be sustained for two reasons: First, the trial court committed an error in defendant's favor in excluding the evidence of former convictions from consideration of the jury. Second, if the court's action in striking the evidence of the former convictions was correct, in the absence of any showing of bad faith on the part of the prosecution in introducing such evidence, the admonition given by the court to the jury to not consider such evidence for any purpose was sufficient.

Although the brief of defendant apparently relies upon this single point as a basis for reversal of the judgment of conviction, it is mentioned in defendant's brief that in district court case No. 19910 the defendant was charged with the crime of robbery by force and fear from Leon Pitts, and, that while such case was pending and before it was dismissed, the county attorney unlawfully commenced a new prosecution by charging the defendant with robbery by force and fear after former conviction of a felony. The county attorney may commence as many prosecutions as he sees fit against an accused until jeopardy has attached, or the statute of limitations has barred the prosecution of the action. 22 O. S. 1951 § 817; Washington v. State, 80 Okla. Cr. 300, 159 P. 2d 278. The record shows that case No. 19910 was dismissed on October 31, 1950, and that it was after such case had been dismissed that the prosecution was commenced anew by filing a preliminary information before a committing magistrate which differed from the original prosecution in that it had included therein that the defendant had been formerly convicted of a felony.

We have found no errors of sufficient importance to require a reversal of the judgment of conviction. The judgment and sentence of the district court of Oklahoma county is accordingly affirmed.

BRETT, P. J., and POWELL, J., concur.