Harry Robert HANDLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14039.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1966.

Don Anderson, Public Defender, Oklahoma County, Oklahoma City, for plaintiff in error.

Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Harry Robert Handley, hereinafter referred to as defendant, was charged in the Oklahoma County Court of Special Sessions with the crime of Burglary Second Degree, After Former Conviction of A Felony. He was bound over to District Court under case No. 30785. Defendant filed a Motion to Quash, which was sustained by the trial judge insofar as the "After Former Conviction of a Felony" was concerned. The County Attorney filed a Motion to Dismiss for the purpose of re-filing in the Justice Court. This was granted by the trial court.

Thereafter, the charges were filed in Justice of the Peace Court, and defendant was again bound over to District Court under case No. 31239. He was tried by a jury, found guilty, and his punishment assessed at Fifteen Years in the penitentiary. From that judgment and sentence he has appealed to this Court asserting one contention of error * * *. That the manner in which the first charge was dismissed failed to preserve in the County Attorney legal authority to file the charge the second time, and, since the charge was re-filed without authority of law, defendant was unlawfully convicted.

22 O.S.1961, § 815, sets forth the statutory requirements for dismissal and refiling of criminal actions; stating:

"The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

And, § 817, states:

"An order for the dismissal of the action, as provided in this Article, is not a bar to any other prosecution for the same offense."

This Court has reviewed the transcript filed in this cause, and find at page 42 the Motion filed by the County Attorney; which reads as follows:

"Comes now Curtis P. Harris, the duly elected, qualified, and acting County Attorney of Oklahoma County, State of Oklahoma, and moves the court to dismiss the above entitled cause for the following reasons, to-wit: *TO BE RE-FILED IN JUSTICE COURT.*"

And, at page 43, the Honorable Judge Mills dismissed the action, stating as follows:

"* * * finds that said motion should be sustained and it is therefore ORDERED, ADJUDGED AND DECREED that said cause be, and same is hereby dismissed *for the reasons as set forth in said motion.*" (Emphasis ours)

The only question for this Court to determine, is whether or not this reason, as stated, is sufficient to meet the requirements of the statute.

We are of the opinion that it is. The County Attorney clearly states in his motion that the reason he is seeking a dismissal of this cause is to re-file the charge in the justice court; and the trial court's order indicates the same.

Where defendant had not been in jeopardy, a dismissal of the prosecution under the statutes cited above, was not a bar to a subsequent prosecution for the same offense. Ex parte Warford, 3 Okl. Cr. 331, 106 P. 559; Stroud v. State, 95 Okl.Cr. 113, 240 P.2d 1125; and Washington v. State, 80 Okl.Cr. 300, 159 P.2d 278.

This Court is of the opinion that defendant's appeal is without merit, and therefore find that the judgment and sentence of the trial court should be, and the same is, affirmed.

BUSSEY, P. J., and BRETT, J., concur.