Elizabeth Jane CLAGHORN, Petitioner,

v.

Elvin J. BROWN and Alan J. Couch, Judges of the District Court of Cleveland County, Oklahoma.

No. A–17889.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1973.

Stockwell & Pence, Norman, for petitioner.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for respondents.

## OPINION

BRETT, Judge.

This is an original proceeding in which petitioner is seeking an alternative writ of prohibition to prevent petitioner's trial for murder in the District Court of Cleveland County, Oklahoma, Case No. CRF 72–465.

An information was filed September 29, 1972, charging petitioner with the crime of murder. Preliminary examination was held on November 1, 1972, before the Honorable Alan J. Couch, Associate District Judge, acting as Magistrate. At the conclusion of the preliminary examination the Magistrate entered his order and bound petitioner over to stand trial on a charge of manslaughter second degree. The Magistrate's minute recites: " . . . and [the] court finds sufficient evidence to establish that a crime of manslaughter in the

second degree was committed and reason to believe that the defendant committed that crime. Defendant held for trial on next jury docket and defendant allowed to remain on present bond."

At the hearing on this Court's Rule to Show Cause, the Court was informed that the prosecutor attempted to appeal the magistrate's ruling to the Presiding Judge of the District Court, under the provisions of State ex rel. Fallis v. Caldwell, Judge, Okl.Cr., 498 P.2d 426 (1972), but the Honorable Judge correctly declined to assume jurisdiction. However, after the trial judge refused to consider the purported appeal on November 6, 1972, the Magistrate entered a second minute which reads: ". . . upon oral motion by the State to reconsider ruling of preliminary hearing, case set for motion hearing 9 November, 1972 at 11:30 A.M., leave granted State to file formal motion and notice hereby given to defendant." At the second hearing the prosecutor admitted that he had no new evidence to offer, but only wanted the Magistrate to reconsider his decision and bind petitioner over on a charge of murder instead of manslaughter. At the conclusion of that hearing the Magistrate entered his third and final minute—some eight days after the preliminary hearing was had—binding petitioner over to stand trial for murder. That minute reads as follows:

> "The court inherently exercising its powers, to correct its judgment, upon reconsideration of the evidence herein as transcribed finds its previous judgment to have been improvidently made. Upon reconsideration the court concludes there is evidence if believed that would justify a finding that murder was committed and that this defendant committed it. The previous ruling holding the defendant for trial on manslaughter 2 is vacated and she is ordered to trial on this jury docket on Wednesday Nov. 15, 1972 at 9:00 A.M. Defendant remains on bond posted."

On November 13th petitioner filed in the trial court a Motion to Quash the Information and Objection to the Magistrate's Granting of the State's Motion to Reconsider; and also filed a Motion for Continuance, asking that the case be stricken from the trial docket. The trial court denied both motions and granted exceptions. On the same date petitioner filed the petition in this Court, asking for issuance of the Alternative Writ of Prohibition, and for a Stay of Proceedings in the trial court. This Court entered its Rule to Show Cause, set the matter for hearing on November 22nd, and entered a Stay Order. At the conclusion of the hearing in this Court, the Court requested further briefs which have now been filed by both sides.

The question presented herein is: "Does the Magistrate possess inherent power to reopen a preliminary examination for further consideration, after the commitment order has been entered requiring the accused to stand trial?" Or stated another way, "When does the examining magistrate's jurisdiction terminate?"

Petitioner asserts that the Magistrate was without jurisdiction to accept the State's motion to reconsider his order; and that the trial court erred in denying petitioner's motion to quash the information charging the offense of murder. Under the facts presented, we believe petitioner is correct.

Article II, Section 17, Oklahoma Constitution, requires that the accused be provided a preliminary examination in all felony cases, unless the same is knowingly and intelligently waived. Title 22 O.S. 1971, § 254, provides for good cause the Magistrate may adjourn a preliminary examination, but we fail to find any statutory authority which authorizes the Magistrate, on his own motion, to reacquire jurisdiction over a case after the matter has been transferred to the trial court. 22 C. J.S. Criminal Law § 351, p. 907, states the following:

> "In making the order of commitment . . . the committing magistrate ex-

hausts his power, and he cannot thereafter modify his order, either under the direction of the superior court or of his own motion, except as to matter of form." Citing People v. Bomar, 73 Cal. App. 372, 238 P. 758 (Calif.1925).

In People v. Bomar, supra, the California Court recited the following:

"If the magistrate, in the consideration of such [preliminary hearing] testimony, arrives at and pronounces an erroneous conclusion as to the crime committed thereby, it is on his part a judicial error which is beyond his power to correct."

. . . . . .

"At the conclusion of the examination, the law requires that if it appears to the magistrate that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, he must make or indorse on the complaint an order signed by him to that effect. In making this order, the magistrate has exhausted all the power in the premises with which he has been invested by law. Any attempt on his part thereafter to modify this order, either under the direction of the superior court or upon his own motion, except to correct the same in matter of form, is beyond his power and jurisdiction." at page 760 of 238 P.

In Payne v. State, 30 Okl.Cr. 218, 235 P. 558 (1925), referring to the prosecutor's authority to file an information after preliminary examination, this Court stated:

"This is a judicial determination by the magistrate of the offense found, and, when that has been done as in this case, the county attorney is thereby authorized to file an information charging the offense for which the accused was held, or substantially the same offense. [Citations omitted]

"By the term 'substantially the same offense' is meant offenses varying only in degree, or means, or circumstances. Thus where an offense for which an accused is held is divided into degrees, and the accused is held for the higher, an in-

formation may be filed for the lower, or where the details involved differ as to means, methods, or circumstances, and the charge in the information is for some form of that offense and not a different offense, the informing officer may vary the charge in formal and non-essential matters to meet the contingencies of the testimony. But he may not add or charge a new offense. The prosecuting officer, in other words, is not permitted to substitute his judgment for that of the committing magistrate. He must look to the commitment alone for his authority to file an information against an accused. In this particular he acts in a mere ministerial capacity, and is restricted to the crime designated in the commitment or transcript of the magistrate."

The above language appears in this Court's later decision in Rucker v. State, 88 Okl.Cr. 15, 52, 195 P.2d 299, 199 P.2d 221, (1948), in which this Court explained the prosecutor's authority to designate the crime in the information after preliminary examination, as well as his authority to amend the information.

Speaking to the authority of the prosecutor to file an information, this Court stated in Steiner v. State, 33 Okl.Cr. 298, 300, 243 P. 1002, (1926):

"In order to give the county attorney authority to file an information charging a felony predicated on a preliminary examination, it is necessary that the magistrate before whom such preliminary is held find that a public offense had been committed, and that there is sufficient cause to believe the defendant guilty thereof. If such order is made and not indorsed on the complaint, the court to which the proceedings are sent has jurisdiction to order the proper indorsement made on the complaint, or if entered on the docket of the justice and not on the complaint, to order a transcript made and filed in the trial court. When the proceedings are challenged, and it is made to appear that no order was made

by the magistrate, the court is without jurisdiction. As was said in the case of Williams v. State, supra:

'The determination of the examining magistrate would seem to be no less important and jurisdictional than is the finding of the grand jury upon an indictment.' "

■ In Williams v. State, 6 Okl.Cr. 373, 118 P. 1006 (1911), referred to in the Steiner Case, the examining magistrate bound the accused over to stand trial, but failed to state the charge and recited, "It appearing to me that the offense in the within information mentioned has been committed. . . ." This Court held, under those facts, that "[T]he district court had jurisdiction to order that a proper indorsement as prescribed by statute be made. The finding and order of the magistrate made upon the preliminary examination and entered on his docket was sufficient to confer jurisdiction on the district court." In the instant case, the commitment order stated the crime, but lesser than that charged by the preliminary information. Consequently, it is clear that the trial court possesses jurisdiction to remand to the examining magistrate any matter requiring clerical or ministerial correction.

■ The Judicial Reorganization Act of 1967 did not change the constitutional requirements for a preliminary examination on all felony charges, It merely re-aligned the judiciary and assigned the magistrate functions to those designated to serve as magistrates in 22 O.S.1971, § 162. By the same token, the district court—as a trial court—does not obtain jurisdiction over a felony case until after preliminary examination, when the examining magistrate enters his commitment order. As stated hereinbefore, that commitment order constitutes the prosecutor's authority to file the information in the trial court. Assuming the examining magistrate orders the accused to stand trial on the charge alleged in the preliminary information, that preliminary information may be refiled in the trial court, as the premise for the trial.

However, in the event the magistrate orders the accused to stand trial on a different charge, as in the instant case, a new information must be filed in the trial court.

Title 22 O.S.1971, § 451, provides:

"When the indictment or information is filed, the defendant must be arraigned thereon before the court in which it is filed, the defendant must be arraigned the court to which it is removed or transmitted."

Therefore, following the preliminary examination the defendant must appear personally to be arraigned on the information alleging the charge designated in the commitment order; and any purported arraignment prior to the preliminary examination does not meet the requirements of the ·foregoing section. The defendant is first required to enter his plea at the arraignment, which puts the charge at issue between the State and the defendant. 22 O.S.1971, §§ 452, 465. Once the trial court obtains jurisdiction of the case, it possesses that statutory authority necessary to consider the question presented in this action. Title 22 O.S.1971, § 815, provides the following:

"The court may either of its own motion or upon the application of the [district attorney], *and the furtherance of justice,* order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes." (Emphasis added.)

The subsequent section 817, provides:

"An order for the dismissal of the action, as provided in this Article, is not a bar to any other prosecution for the same offense."

This Court noted in Handley v. State, Okl.·Cr., 422 P.2d 217 (1966), the two foregoing sections of the statutes provides authority for the prosecutor to move to dismiss the information filed, for good and sufficient reasons stated; and that the trial court may order the information dismissed to be refiled, but the order must also state the reasons for the court's ac-

tion. This Court stated further in *Handley,* supra:

"Where defendant had not been in jeopardy, a dismissal of the prosecution under the statutes cited above, was not a bar to a subsequent prosecution for the same offense." at page 218 of 422 P.2d.

We therefore hold in the instant matter:

1. That the examining magistrate exceeded his authority when the State's Motion to Reconsider was entertained, and when the preliminary examination was purportedly reopened; and that petitioner's motion to quash the information alleging the charge of murder should have been sustained.

2. Insofar as petitioner was ordered to stand trial on the charge of manslaughter second degree, the district attorney must file the information in the trial court alleging that charge; and petitioner must be arraigned on the charge of manslaughter second degree.

3. The district attorney is authorized to file a motion to dismiss the information, subject to his offering good and sufficient reasons; and he may request permission of the trial court to thereafter file a new preliminary information, alleging the charge he considers the evidence supports. A proper hearing should be conducted on the district attorney's motion and a record should be made; thereafter, the trial court may in its discretion dispose of the district attorney's motion.

We are therefore of the opinion the alternative writ of prohibition should issue in this matter. Therefore, the District Court of Cleveland County, Oklahoma, is hereby prohibited from proceeding further in that court's case number CRF 72–465, premised upon the charge of murder; and the Honorable Court is directed to proceed further therein, in accordance with the provisions hereinbefore set forth in this opinion.

Writ of prohibition granted.

BLISS, P. J., and BUSSEY, J., concur.