Johnny Ray DAY, Petitioner,

v.

The Honorable Leamon **FREEMAN,** Judge of the District Court of Oklahoma County, Oklahoma, Respondent.

No. O-90-426.

Court of Criminal Appeals of Oklahoma.

May 25, 1990.

## ORDER DENYING WRIT OF MANDAMUS

Petitioner, Johnny Ray Day, has filed a petition in this Court requesting that we issue a Writ of Mandamus to the Honorable Leamon Freeman, Judge of the District Court of Oklahoma County, Oklahoma, to conduct a hearing and to rule on the merits of petitioner's Motion to Suppress that has been filed in a case in the District Court of Oklahoma County, being Case No. CF–90–990. This Court will deny the request for the issuance of a Writ of Mandamus but will issue an alternative order as more fully explained herein.

Approximately eighteen cases involving ninety-nine counts were filed in the District Court of Oklahoma County on February 21, 1990, in Case No. CF–90–990. Various motions to suppress evidence were filed as related to various defendants in such case. On April 12, 1990, the Honorable Freeman sustained a similar motion to suppress by petitioner's co-defendant, Ricky Watson. On the same date, however, the Judge continued the petitioner's case for one week to allow the State to respond and to brief the question of jurisdiction to hear the motion to suppress. On April 19, 1990, the District Judge sustained the State's motion. Citing *Claghorn v. Brown*, 505 P.2d 998 (Okl.Cr.1973), the District Court held that it lacked jurisdiction to hear the motion to suppress until such time as a preliminary hearing had been held by a magistrate and the defendant in such cause bound over to the District Court for further proceedings. We disagree.

A review of *Claghorn* reveals that it addressed the jurisdiction of the examining magistrate and not the jurisdiction of the District Court. Under the provisions of the Judicial Reorganization Act of 1967, as more fully shown by Article 7, § 7(b), all of the courts in the State of Oklahoma were abolished and their "jurisdiction, functions, powers and duties are transferred to the respective district courts". Therefore, when a case is filed, the District Court has jurisdiction and pursuant to 22 O.S. § 162, at that point in time a Judge of the District Court, an Associate Judge thereof, or the Special Judge may act as magistrate. In this particular case, Judge Freeman, handling a normal motion docket could act as a magistrate and could rule on the motion to suppress. Therefore, we find and hold that his previous ruling as it related to the defendant, Ricky Watson, was proper and that he had jurisdiction to hear that case as well as the case of the petitioner herein or any other defendant in such case and could act as the magistrate in so doing.

It should also be noted that by statute, district courts are directed to have a motion docket every thirty days and to hear any motion or demurrer that is filed five days prior to the setting of such docket. 20 O.S. § 96. By this, we do not mean to say or require that motions to suppress should be heard on the regular motion docket. This, of course, would be optional with the district court and they could be set either on a regular motion docket, set specially, or could be heard before the magistrate, either specially or at the time of a preliminary hearing. This Court has previously held that it is better practice to file a motion to suppress prior to the preliminary hearing, but in the alternative, such motion may be filed or raised at the preliminary examination; then, the examining magistrate not only has the authority but the duty to hear and to rule on the motion to suppress. *Hyde v. Hutchison*, 483 P.2d 766 (Okl.Cr.1971).

We would also note that *Claghorn* indicates that the district court does not obtain jurisdiction in a felony case until after preliminary examination as it relates to acting as a trial court. *Claghorn* only addresses the limited jurisdiction of the magistrate and does not limit the jurisdiction of the

district court or the ability of a district judge to also act as a magistrate.

By this order, we hereby expressly overrule any language to the contrary in any previous decision of this Court. However, we do hold that a district judge acting as a trial court would not have jurisdiction to so act until the defendant has been bound over to the district court for trial. *Flint v. Sater*, 374 P.2d 929 (Okl.Cr.1962). The district judge or an associate district judge would have the power to act as a magistrate and hear the motion filed by petitioner but this would be at the election of such judge acting as a magistrate.

IT IS THEREFORE THE ORDER OF THIS COURT that the Petition for a Writ of Mandamus is denied but, in the alternative, the Honorable Leamon Freeman, Judge of the District Court in and for Oklahoma County, Oklahoma, may hear and act upon the motions in the District Court case referred to herein as a magistrate and to rule thereon or, in the alternative, may allow the magistrate at the time of preliminary hearing to make such a ruling.

IT IS SO ORDERED.

/s/Ed Parks
ED PARKS,
PRESIDING JUDGE

/s/James F. Lane
JAMES F. LANE,
VICE PRESIDING JUDGE

/s/Tom Brett
TOM BRETT,
JUDGE

/s/Charles A. Johnson
CHARLES A. JOHNSON,
JUDGE

Concurring in result:

/s/Gary S. Lumpkin
GARY S. LUMPKIN,
JUDGE