Wayne Elliot ROGERS, Petitioner,

v.

The Honorable Myrna LANSDOWN, Special Judge of the District Court of Washington County, State of Oklahoma, Respondent.

No. O 92–0036.

Court of Criminal Appeals of Oklahoma.

April 7, 1992.

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

The Petitioner has filed an application for this Court to issue a writ of mandamus and/or prohibition vacating the order of the Honorable Myrna Lansdown which denied Petitioner's motion to schedule the post-examination competency hearing before a judge who is not a special judge.

Petitioner was charged with First Degree Murder by an information filed November 6, 1991, in Washington County District Court, Case No. CRF–91–381. The record reflects that the State also filed on November 6, 1991, a notice and application for determination of competency. A transcript of the hearing held November 6, 1991, is not part of the record before this Court; but the record indicates Petitioner, not represented by counsel at this hearing, was ordered to Eastern State Hospital for a competency examination. The State and Petitioner stipulated that Petitioner was incompetent. Counsel for Petitioner was also appointed on November 6, 1991. The record further reflects that counsel for Petitioner filed on November 20, 1991, a demand for a jury trial on the issue of whether Petitioner could attain competency within a reasonable time; and, that he filed on December 20, 1991, a motion to schedule a competency trial before a judge who is not a special judge. Petitioner's motion was summarily denied in an order entered by Judge Lansdown on December 31, 1991.

Petitioner contends Judge Lansdown, a special judge, will be exercising judicial power unauthorized by law if she presides over Petitioner's post-examination competency hearing.

After considering the application and its supporting documents this Court stayed all proceedings in Case No. CRF–91–381 pending the disposition of this application in this Court.

It was further ordered that the Respondent, or a designated representative, respond to Petitioner's application. Said response was filed in this Court February 7, 1992.

The Honorable Myrna Lansdown, in her response to Petitioner's application, analogizes a post-examination competency hearing to the Involuntary Commitment Procedure statutes in the Mental Health Law codified at 43A O.S.1991, § 5–401, and then concludes that the grant of jurisdiction at 20 O.S.1991, § 123(A)(10), for a special judge to conduct all stages in mental health proceedings, confers jurisdiction to a special judge to preside over post-examination competency hearings in criminal cases. Judge Lansdown further concludes that the District Court cannot acquire jurisdiction until a defendant actually has a preliminary hearing or waives same. Since Petitioner has not had a preliminary hearing, nor waived the hearing, Judge Lansdown concludes that she retains jurisdiction.

Petitioner filed a response to Judge Lansdown's response in this Court on February 13, 1992, arguing that the Legislature has not conferred jurisdiction to special judges to preside at post-examination competency hearings held pursuant to 22 O.S.1991, § 1175.1 et seq., and that there are significant differences in both purpose and procedure of post-examination competency hearings and involuntary commitment hearings.

■■■ The District Court, acting as a trial court, does not obtain jurisdiction over a felony case until after preliminary examination, when the examining magistrate enters a commitment order. Therefore, a district judge acting as a trial court would not have jurisdiction to so act until the defendant has been bound over to the district court for trial. *Claghorn v. Brown,* 505 P.2d 998 (Okl.Cr.1973). This does not limit the jurisdiction of the district court or the ability of a district judge to also act as a magistrate.

■■■ The record before this Court reflects that Petitioner has not had a preliminary examination, nor has he waived this hearing. Jurisdiction would therefore appear to lie with the examining magistrate, Judge Lansdown.

However, in 1980 the Oklahoma Legislature enacted a detailed and comprehensive statutory system that established procedures which our trial courts must follow when they are called upon to make a determination as to whether an individual criminal defendant is competent to stand trial. This is found at 22 O.S.1991, §§ 1175.1–1176. This is a separate matter from a defense of insanity which is the inability to distinguish right from wrong at the time of the offense.

"Competency is defined as 'the present ability of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him, and is able to effectively and rationally assist in his defense'. ... No finding of the ultimate question of guilt or innocence is involved, nor is an accused subject to fine or incarceration as a result of a competency hearing. Consequently, a competency hearing is a special proceeding for the purpose of ensuring full compliance with due process requirements, but is not itself a criminal prosecution." *Miller v. State,* 751 P.2d 733, 736–738 (Okl.Cr.1988). Once competency is restored, the criminal proceedings resume. 22 O.S.1991, § 1175.8. "Therefore, a finding of present incompetency is not a final adjudication on the merits, requiring the State to prove competency beyond a reasonable doubt, but rather a postponement of all criminal proceedings until competency is restored." *Id.* at 737.

We, therefore, agree with Respondent's position that a competency trial is in the nature of a civil mental health proceeding conducted within a criminal case. And, the Legislature has conferred jurisdiction upon a special judge to hear any matter in a mental health proceeding.

20 O.S.1991, §§ 123(A)(9) and (10), confers jurisdiction to special judges to perform the duties of a magistrate in criminal cases and, if the special judge is a lawyer, to hear any matter at any stage, whether intermediate or final, in a mental health proceeding.

Title 22 O.S.1991, § 1175.2(C) directs that "[a]ny criminal proceedings against a person whose competency is in question shall be suspended pending the determination of the competency of the person".

Therefore, the examining magistrate's jurisdiction would be suspended pending the determination of competency of Petitioner, but Judge Lansdown, as a special judge, would have jurisdiction to hear the competency proceedings pursuant to Section 123(A)(10).

IT IS THEREFORE THE ORDER OF THIS COURT that Petitioner's application for a writ of mandamus or prohibition is hereby DENIED. Further, the stay of all proceedings in Case No. CRF–91–381 imposed by this Court in its order of January 22, 1992, is hereby LIFTED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge