STATE of Oklahoma, Appellant,

v.

Tony DeCarlos HUMDY, aka
Guy Humdy, aka Tony
Myles, Appellee.

No. S–93–551.

Court of Criminal Appeals of Oklahoma.

May 25, 1994.

Fred Collins, Dist. Atty., Maria Tasi Ma-lowney, Asst. Dist. Atty., Ardmore, for appellant, at trial.

Susan Brimer Loving, Atty. Gen. of Oklahoma, Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellant on appeal.

Charles J. Migliorino, Ardmore, for appellee at trial and on appeal.

## SUMMARY OPINION

LUMPKIN, Presiding Judge:

Appellee Tony DeCarlos Humdy aka Guy Humdy aka Tony Myles was charged with Attempted Robbery with Firearms (21 O.S. 1981, § 801); Shooting with Intent to Kill (21 O.S.1981, § 652) and First Degree Murder (21 O.S.1981, § 701.7) in the District Court of Carter County, Case No. CRF–92–281. At the initial appearance, defense counsel requested an evaluation of the Appellee's competence to stand trial pursuant to 22 O.S. 1981, § 1175.1 *et seq.* The court granted the request and ordered a competency evaluation to be conducted. At the post-examination competency hearing the State notified the court that it intended to call the defendant to the witness stand. Defense counsel objected and the court heard arguments. The trial court ruled that 22 O.S.1981, § 1175.2(B)(3), was unconstitutional on its face and in application; that 22 O.S.1981, § 1175.4(D), provided for only use immunity and was therefore unconstitutional; and that 22 O.S.1981, § 1175.2(B)(3), and § 1175.4(D) violated the defendant's right against self incrimination and were therefore unconstitutional on their face and in application. The State gave its notice of intent to appeal and all criminal proceedings were stayed pending appeal.

Appellant raises the following propositions of error in support of its appeal:

I.  22 O.S.1981, § 1175.1 *et seq.* although related to criminal procedure is civil in nature.

II.  22 O.S.1981 §§ 1175.2(B)(3) and 1175.4(D), together and separately do not violate principles of substantive due process under the United States or the Oklahoma Constitutions.

III.  The requirements of 22 O.S.1981, §§ 1175.2(B)(3) and 1175.4(D), together and separate do not violate the constitutional ban against forcing a defendant to incriminate himself.

IV.  The distinction between classes set out in 22 O.S. § 1175.2(B)(3), does not violate the equal protection clause of the United States Constitution.

After a thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we have determined that the order of the District Court finding 22 O.S.1981 §§ 1175.-2(B)(3) and 1175.4(D), unconstitutional is reversed for the following reasons: We find that 22 O.S.1981, § 1175.1 *et seq.* is civil in nature. *Rogers v. Lansdown,* 829 P.2d 687 (Okl.Cr.1992). In *Kastigar v. U.S.,* 406 U.S. 441, 445, 92 S.Ct. 1653, 32 L.Ed.2d 212, 217 (1972), the United States Supreme Court held the Fifth Amendment privilege against compulsory self-incrimination can be asserted in a civil proceeding. Under the *Kastigar* analysis, 22 O.S.1981, § 1175.4(D), is constitutional as it bars the use of the accused's statement for any purpose. However, the 1985 amendment to § 1175.4(D) [1] has a fatal constitutional flaw as its application does not leave the accused and the prosecution in substantially the same positions as if the accused had claimed the Fifth Amendment privilege. *Id.,* 406 U.S. at 462. *See also New Jersey v. Portash,* 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979). This unconstitutional clause may be severed from the rest of the statute. *Riggs v. Branch,* 554 P.2d 823, 827–828 (Okl.Cr.1976). Therefore, the

---

1.  The 1985 amendment to § 1175.4 provides: ... except that if such person is found to be competent at the time of his examination hearing, any such statement made by him may be used for purposes of impeachment. Laws. 1985, c. 190, eff. Nov. 1, 1985.

1985 amendment to 22 O.S.1981, § 1175.4(D); is hereby stricken from the remainder of the statute which has been found constitutional.

## DECISION

The Order of the trial court is **RE-VERSED** and the case is **REMANDED** for further proceedings consistent with this order.

JOHNSON, V.P.J., and LANE, CHAPEL, and STRUBHAR, JJ., concur.