UNITED STATES COURT OF APPEALS
**Filed 1/9/97**
FOR THE TENTH CIRCUIT

CECIL E. HICKS,

      Plaintiff-Appellant,

v.

No. 96-7034
(D.C. No. CV-95-223-S)
(E.D. Okla.)

HONORABLE DOYLE E. BLYTHE,
Associate District Judge, Pushmataha
County, State of Oklahoma,

      Defendant-Appellee.

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's entry of summary judgment in favor of defendant on the ground that defendant is absolutely immune from plaintiff's damages claims for the alleged deprivation of his liberty without due process. Plaintiff alleged the following facts in his complaint:  After a felony criminal information was filed against him in Oklahoma and he posted an appearance bond in the amount of $7,500, he appeared before defendant, an associate district court judge, for a preliminary examination.  Pursuant to Oklahoma statute, defendant conducted the hearing in his capacity as a magistrate.  See Okla. Stat. tit. 22, §§ 162, 258.  At the conclusion of the hearing, defendant entered a bindover order, having concluded there was probable cause to believe plaintiff had committed certain felonies.  Defendant then sua sponte increased plaintiff's bail to $20,000, based on his conclusion that plaintiff might attempt to intimidate witnesses and to flee the jurisdiction.  Because plaintiff could not post the increased bail, he was remanded to the custody of the sheriff, where he remained for ten days.  Plaintiff ultimately secured a writ of habeas corpus from another judge, who determined that defendant had no jurisdiction to increase the bond after entry of the bindover order.

"[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991)(per curiam). The Supreme Court has recognized only two exceptions to this immunity from suit: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." Id. at 11-12. At issue here is the applicability of the second exception to the judicial immunity doctrine.

Under Oklahoma law, "[t]he district courts . . . are the successors to the jurisdiction of all other courts . . . in civil matters and proceedings for the violation of state statutes." Okla. Stat. tit.20, § 91.1. "Therefore, when a [criminal] case is filed, the District Court has jurisdiction and pursuant to 22 O.S. § 162, at that point in time a Judge of the District Court, an Associate Judge thereof, or the Special Judge may act as magistrate." Day v. Freeman, 792 P.2d 1193, 1194 (Okla. Crim. App. 1990). A magistrate has various powers and duties, including the power to issue an arrest warrant, Okla. Stat. tit. 22, § 171, and, subsequent to arrest, the duty to advise a defendant of his rights, id. § 251, to set bail, id. § 178, and to conduct a preliminary examination in a felony case, id. §§ 253, 258.

"The purpose of the preliminary hearing is to establish probable cause that a crime was committed and probable cause that the defendant committed the

crime." Id. § 258. At the conclusion of the preliminary hearing, if the magistrate determines there is "sufficient cause" to believe that the defendant committed any crime, then the magistrate must enter an order binding the defendant over on those offense which the magistrate finds to be supported by probable cause. Id. § 264. If the offense on which the defendant is being bound over is bailable, but the magistrate does not take the defendant's bail, he must add a statement to the bindover order setting forth the amount of bail to which the defendant has been admitted and committing the defendant to the custody of the sheriff until that bail is paid. Id. § 267. A magistrate has authority to increase the bail originally set, id. § 1109, and a district court judge, sitting as the trial judge, has a similar authority after the preliminary hearing, see id.; In re Humphrey, 601 P.2d 103, 108 (Okla. Crim. App. 1979). Once a magistrate enters a bindover order, the district court, as trial court, obtains jurisdiction over the case, Claghorn v. Brown, 505 P.2d 998, 1002 (Okla. Crim. App. 1973), and the magistrate loses jurisdiction. The district judge who conducts the preliminary hearing cannot thereafter try the case unless all parties give their consent. Okla. Stat. tit. 22, § 576.

With these principles of Oklahoma law in mind, we turn to the question of defendant's immunity for alleged wrongdoing in sua sponte increasing plaintiff's bail after binding plaintiff over on felony charges. "[T]he scope of the judge's

jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Neither a judge's "commission of grave procedural errors," id. at 359, nor his action "in excess of his authority," id. at 356, will deprive the judge of immunity. We have held that a judge acts in the clear absence of all jurisdiction when he "acts clearly without any colorable claim of jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990); see also Lerwill v. Joslin, 712 F.2d 435, 438 (10th Cir. 1983)("A judge is absolutely immune from a section 1983 suit for damages only for (a) judicial acts (b) for which the judge has at least a semblance of subject matter jurisdiction.").

The Eighth Circuit has succinctly illustrated the distinction between judicial actions taken in excess of jurisdiction and those taken in the complete absence of all jurisdiction as follows: "a judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances," whereas "there is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994)(quotations omitted); see also Stump, 435 U.S. at 357 n.7; Chu ex rel. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("There is no [absolute] immunity, of course, if the judge

undertakes to act in an area where he has no subject matter jurisdiction, but it is immaterial that his challenged judicial act may have been unauthorized by the laws which govern his conduct.").

Even if we assume that defendant lacked authority to increase plaintiff's bail under the particular circumstances presented here, Oklahoma law would authorize him to increase plaintiff's bail under other circumstances, as discussed above. Therefore, defendant's actions were, at most, taken in excess of his authority, not in the complete absence of all jurisdiction, see Duty, 42 F.3d at 463; Billingsley v. Kyser, 691 F.2d 388, 389-90 (8th Cir. 1982). Defendant is, therefore, absolutely immune from plaintiff's claim for damages.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

William F. Downes
District Judge

-6-