# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 1, 2006

## STATE OF TENNESSEE v. ROBERT JONATHAN HARRISON

**Appeal from the Circuit Court for Chester County**
**No. 05-323     Roy B. Morgan, Jr., Judge**

---

**No. W2006-00483-CCA-R9-CD  - Filed March 2, 2007**

---

We have granted this Rule 9 interlocutory appeal from the Chester County Circuit Court for purposes of clarifying both the appropriate procedure to be employed and the scope of discovery with regard to obtaining the records and reports of an examining psychiatrist or expert in a competency proceeding in which the mental health expert will be called as a witness.  The Defendant, Robert Jonathan Harrison, is currently charged with three counts of rape, one count of rape of a child, one count of attempt to commit rape, and one count of incest.  Following an evaluation by the community mental health center, Harrison was found to be competent to stand trial.  A second competency evaluation was performed by a private clinical psychologist at Harrison's request, and he was found to be incompetent to stand trial.  The State sought, and was granted, a judicial subpoena pursuant to the provisions of Tennessee Code Annotated section 40-17-123, directing that the clinical psychologist produce to the State "any and all records" related to the competency evaluation of Harrison.  Harrison then filed a motion to quash the subpoena, which was denied by the trial court, and this appeal followed.  After review, we conclude that the issuance of the judicial subpoena under the authority of Tennessee Code Annotated section 40-17-123 was error.  Notwithstanding, and in the absence of any specific rule applicable to the issue presented, we hold that the rules of civil procedure provide appropriate procedures for obtaining disclosure of the information sought and properly define the scope of the discovery of the examining mental health expert.  Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Joseph T. Howell, Jackson, Tennessee, for the Defendant, Robert Jonathan Harrison.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; Jody S. Pickens, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Facts

The Defendant was indicted by a Chester County grand jury for three counts of rape, one count of rape of a child, one count of attempt to commit rape, and one count of incest. In November of 2005, upon motion by defense counsel, the trial court ordered a forensic evaluation by Pathways, Inc., the community mental health center, to determine the Defendant's competency to stand trial. The evaluation concluded that the Defendant was competent.

Subsequently, the Defendant sought and obtained court-ordered funding for the services of a private clinical psychologist. The second evaluation concluded that the Defendant was incompetent to stand trial. Based upon this evaluation, the Defendant filed a petition requesting that he be declared incompetent to stand trial and gave notice that he would be relying upon the competency evaluation of the private clinical psychologist at the hearing. The State then filed an application for a judicial subpoena to obtain "any and all records" in the possession of the clinical psychologist "related to the psychological evaluation" of the Defendant. The State asserted in its affidavit in support of the subpoena that it sought to obtain the information for impeachment purposes should the examining psychologist testify at the competency hearing. The trial court issued the judicial subpoena pursuant to Tennessee Code Annotated section 40-17-123, which the Defendant moved to quash. The trial court denied the motion to quash, finding that a judicial subpoena issued pursuant to Tennessee Code Annotated section 40-17-123 was the proper avenue for obtaining the records of the psychologist.

After a discussion of the applicability of the judicial subpoena to the facts presented, the trial court granted the Defendant's Application for Permission to Appeal pursuant to Tenn. R. Crim. P. 9. The trial court's decision to grant the Rule 9 appeal was based upon the need to develop a uniform body of law with regard to the issuance of a judicial subpoena as it relates to the question of discovery within a pre-trial competency proceeding.

## Analysis

## A. Judicial Subpoena

The trial court granted the State's request for a judicial subpoena pursuant to the authority of Tennessee Code Annotated section 40-17-123(a)-(d) (2003). The following relevant provisions of the statute are noted:

> (a) The following procedure shall be employed when a law enforcement officer, as defined in § 39-11-106, seeks to obtain a subpoena for the production of books, papers, records, documents, tangible things, or information and data electronically stored for the purpose of establishing, investigating or gathering evidence for the prosecution of a criminal offense.

(b) If the officer has reason to believe that a criminal offense has been committed or is being committed and that requiring the production of documents or information is necessary to establish who committed or is committing the offense or to aid in the investigation and prosecution of the person or persons believed to have committed or believed to be committing the offense, the officer shall prepare an affidavit in accordance with subsection (c).

> . . . .

(d)(1) Upon preparing the affidavit, the law enforcement officer shall submit it to either a judge of a court of record or a general sessions judge who serves the officer's county of jurisdiction. The judge shall examine the affidavit and may examine the affiants under oath. The judge shall grant the request for a subpoena to produce the documents requested if the judge finds that the affiants have presented a reasonable basis for believing that:

> . . . .
> (B) Production of the requested documents will materially assist law enforcement in the establishment or investigation of the offense; . . . .

T.C.A. § 40-17-123(a),(b), & (d)(1)(B). First, we note that Tennessee Code Annotated Section 39-11-106 defines a "law enforcement officer" as "an officer, employee or agent of government who has a duty imposed by law to: (A) Maintain public order; or (B) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; and (C) Investigate the commission or suspected commission of offenses . . .[.]" T.C.A. § 39-11-106(a)(21) (2003).

The duties of the district attorney general are found at Tennessee Code Annotated section 8-7-103. The statutory duty relevant to the issue in this case provides:

> Each district attorney general:
>
> (1) Shall prosecute in the courts of the district all violations of the state criminal statutes and perform all prosecutorial functions attendant thereto, including prosecuting cases in a municipal court where the municipality provides sufficient personnel to the district attorney general for that purpose . . . .[1]

T.C.A. § 8-7-103(1) (2003). No provision of the enumerated duties of Tennessee Code Annotated section 8-7-103 requires the district attorney general or his or her assistant to: (1) maintain public

---

[1] This statutory duty conforms with the commonly accepted "prosecution function" of the district attorney which recognizes that "[t]he office of prosecutor is an agency of the executive branch of government which is charged with the duty to see that the laws are faithfully executed and enforced in order to maintain the rule of law." ABA, STANDARDS RELATING TO THE PROSECUTION FUNCTION § 1.1 (1970).

order; (2) make arrests for offenses; or (3) investigate crimes.[2]  Accordingly, we conclude that neither the district attorney, nor his assistant, is a law enforcement officer within the meaning of Tennessee Code Annotated section 40-17-123(a).  *Contra* Tenn. Op. Att'y Gen. No. 05-153 (2005).

Next, we note that Tennessee Code Annotated section 40-17-123 was enacted as part of the Terrorism Prevention and Response Act of 2002, which criminalized conduct arising from acts of terrorism in this state.  *See* T.C.A. §§ 39-13-801 to -808 (2006); *see also Camelia Gibson, et al. v. John D. Richardson, et al.*, No. W2002-03027-COA-R7-CV (Tenn. Ct. App. at Nashville, Jan. 17, 2003).  It is obvious from a reading of the statute that the subpoena authority of Tennessee Code Annotated section 40-17-123 is designed for the production of documents to assist law enforcement officers in the investigation of crimes.  The judicial subpoena power of this statute is not intended as a discovery device in pending cases.  For these reasons, we conclude that the judicial subpoena provisions of Tennessee Code Annotated section 40-17-123 have no application to this case. Notwithstanding this conclusion, we proceed to examine, for purposes of clarification, the appropriate procedure and the scope of discovery regarding an expert in a competency proceeding.

## B.  The Competency Hearing

We begin our review by observing that there is no statute or uniform body of law in this state delineating the procedures or protocol for determining competency to stand trial.[3]  Nonetheless, the Fourteenth Amendment to the United States Constitution and article 1, section 8 of the Tennessee Constitution prohibit the trial of a person who is mentally incompetent.  *State v. Reid*, 164 S.W.3d 286, 305 (Tenn. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378, 86 S. Ct. 836, 838 (1966)).  The standard to be applied in determining if a defendant is competent to stand trial is whether the defendant is able to understand the nature of the proceedings, consult with counsel, and assist in the preparation of his defense.  *Berndt v. State*, 733 S.W.2d 119, 123 (Tenn. Crim. App. 1987). Typically, determination of a defendant's competency is initiated pursuant to the provisions of Tennessee Code Annotated section 33-7-301, which provides:

> (a)(1) When a defendant charged with a criminal offense is believed to be incompetent to stand trial, or there is a question about the defendant's mental

---

[2]In *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S. Ct. 984, 995 (1976), the Supreme Court held that when the prosecutor engages in certain investigative activities or police-related actions the right to absolute prosecutorial immunity is lost.

[3]We would acknowledge that our supreme court has found it necessary to adopt specific procedures regarding competency issues for which "no procedure is otherwise specifically proscribed"; however, none of these cases address procedures within the context of a hearing on competency to stand trial. *See, e.g., Reid v. State*, 197 S.W.3d 694, 702-03 (Tenn. 2006) (burden of proof and procedural issues involving competency to proceed in post-conviction capital case); *Coe v. State*, 17 S.W.3d 193, 215 (Tenn. 2000) (procedural issues involving competency to be executed); *Van Tran v. State*, 6 S.W.3d 257, 270-71 (Tenn. 1999) (procedures for litigating the issue of present competency to be executed); *State v. Reid*, 981 S.W.2d 166, 174 (Tenn. 1998) (competency issues relating to mitigating evidence at sentencing phase of capital case).  Nonetheless, we would observe that the espoused principles relating to competency in these cases have application to the case before us.

capacity at the time of the commission of the crime, the criminal, circuit, or general sessions court judge may, upon such judges own motion or upon petition by the district attorney general or by the attorney for the defendant and after hearing, order the defendant to be evaluated on an outpatient basis. The evaluation shall be done by the community mental health center or licensed private practitioner designated by the commissioner to serve the court or, if the evaluation cannot be made by the center or the private practitioner, on an outpatient basis by the state hospital or the state-supported hospital designated by the commissioner to serve the court. If and only if the outpatient evaluator concludes that further evaluation and treatment are needed, the court may order the defendant hospitalized, and if in a department facility, in the custody of the commissioner for not more than thirty (30) days for further evaluation and treatment for competence to stand trial subject to the availability of suitable accommodations.

T.C.A. § 33-7-301(a)(1) (Supp. 2005).

The purpose of a competency hearing is not to adjudicate the defendant's guilt or innocence. Rather, the purpose of an inquiry into competency is to determine the defendant's fitness to stand trial. *See State v. Coe*, 17 S.W.3d 193, 214-15 (Tenn. 2000) (finding that a competency hearing is not a criminal prosecution, the only issue being the defendant's mental state). Indeed, a finding that a defendant is incompetent does not absolve criminal responsibility for the charged crime; it merely suspends the criminal proceeding. The defendant bears the burden of proof to establish incompetency to stand trial, and the requisite standard of proof is that of a preponderance of the evidence. *Reid*, 164 S.W.3d at 307. Additionally, the rules of evidence apply in a competency hearing. *See generally Reid*, 164 S.W.3d at 308-309 (holding testimony was properly excluded under the clergy-penitent privilege).

A competency proceeding is unique in that it is in the nature of a civil proceeding but conducted within a criminal case. *See Coe*, 17 S.W.3d at 214 ("[a] competency proceeding is *sui generis*; it is not a trial.") In *Coe*, our supreme court held that the rules of civil and criminal procedure do not apply to competency proceedings except to the extent that the rules offer an appropriate procedure which does not conflict with the purpose of the competency hearing. *Id*. at 215.

Although the Defendant stands indicted on criminal charges, the reciprocal discovery provisions of Tenn. R. Crim. P. 16, specifically Rule 16 (b)(1)(B), which relates to the reports of mental examinations, are inapplicable to a competency proceeding. This discovery provision requires disclosure of the results of mental examinations and tests by a defendant only if the defendant intends to introduce evidence of the results at trial or call the witness who prepared the results. Moreover, the notice and disclosure provisions of Tenn. R. Crim. P. 12.2, which relate to a mental defense "bearing upon the issue of guilt," have no application to a competency proceeding,

as guilt is unrelated to competency.[4]  However, the inapplicability of these rules does not mandate the conclusion that trial courts have no legal authority to impose notice, evaluation, and disclosure requirements. *Reid*, 981 S.W.2d at 171.  When "no procedure is specifically proscribed by rule," the trial court has the inherent power to adopt appropriate rules of procedure to address the issue. *Id.* at 170; *see also* Tenn. R. Crim. P. 57.

After review, we conclude that there should be disclosure to the State of the Defendant's mental health expert's detailed written report setting out findings, including results of all tests conducted, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition.  After delivery of the report, the Defendant shall be entitled upon request to receive a like report of any examination previously or thereafter made of the Defendant for the same condition.  The court on motion may order delivery of a report on such terms as are just, and, if the examining mental health expert fails or refuses to make a report, the court may exclude testimony if offered at the competency hearing. *See generally*, Tenn. R. Civ. P. 35.02.[5]

Also, because a defendant may not invoke the right against compelled self-incrimination in a competency examination,[6] we conclude that use of a defendant's statements to the examining mental health expert should be limited.  Neither a defendant's statements to the expert, nor any testimony by the expert based upon such statement, nor any fruits of the statement shall be admitted into evidence against a defendant in any criminal proceeding, under a plea of not guilty or of not guilty by reason of insanity, except for impeachment purposes on any issue respecting mental condition on which a defendant has introduced testimony. *See generally* Tenn. R. Crim. P. 12.2(c); *State v. Martin*, 950 S.W.2d 20, 27 (Tenn. 1997).  This procedure protects against self-incrimination while at the same time fostering honesty by a defendant during the evaluation process.

As observed by our supreme court in *Martin*,

---

[4] Rule 12.2 of the Tennessee Rules of Criminal Procedure conforms to the federal rule.  Tenn. R. Crim. P. 12.2, Advisory Comm'n Comments.  The Federal Rules of Criminal Procedure provide that Rule 12.2 "does not deal with the issue of mental competency to stand trial," as this issue is governed by statute.  Fed. R. Crim. P. 12.2, Advisory Comm'n Comments.  Moreover, we would note that federal courts, as well as several other states, have characterized competency proceedings as "civil in nature." *See, e.g., U.S. v. Hamilton*, 107 F.3d 499, 505 (7th Cir. 1997) (competency hearings are governed by 18 U.S.C. § 4241 and are civil in nature); *see also People v. Harris*, 14 Cal. App. 4th 984, 991 (1993) (competency hearing is civil in nature); *People v. Skeirik*, 229 Cal. App. 3d 444 (1991) (a competency hearing takes place during a criminal proceeding, but it is not a criminal action and is "governed by the rules applicable to civil proceedings"); *Lindsey v. State*, 314 S.E.2d 881, 884 (Ga. 1984); *State v. Humdy*, 875 P.2d 429, 430 (Okla. Crim. App. 1994); *Ray v. State*, 909 S.W.2d 567, 569 (Tex. App. 1995) (a competency hearing is civil in nature, and sufficiency of the evidence is reviewed based on civil standards); *Morales v. State*, 801 S.W.2d 624, 625 (Tex. App. 1992) (civil rules apply to competency hearing).

[5] Rule 35.01 permits a court to order the physical or mental examination of a party upon motion of another party when the condition is in controversy.  Tenn. R. Civ. P. 35.01, Advisory Comm'n Comments.  Rule 35.02 governs the report of the examining physician.

[6] *See Reid*, 981 S.W.2d at 172 (holding court-ordered mental evaluation does not violate Fifth Amendment right against self-incrimination or Sixth Amendment right to counsel).

It would be most anomalous to say that a defendant may advance the defense of insanity, have himself examined by his own experts and then invoke the constitutional guarantees against self-incrimination for the purpose of preventing examination by the State. It would be a strange doctrine, indeed, to permit a person charged with [a] crime to put in issue his want of mental capacity to commit it, and in order to make his plea invulnerable, prevent all inquiry into his mental state or condition.

*Martin*, 950 S.W.2d at 24[7] (citations omitted) (quoting *State v. Whitlow*, 45 N.J. 3, 210 A.2d 763, 767 (1965)).

In sum, we conclude that a competency hearing is in the nature of a civil proceeding and that the procedures employed herein advance the supreme court's policy of free and open disclosure of all information relating to an inquiry into a defendant's competency. *See Van Tran*, 6 S.W.3d at 269 n.14.

## CONCLUSION

For the above reasons, the judgment of the trial court is reversed; the Defendant's motion to quash is granted; and the case is remanded[8] with instructions that if the Defendant intends to call the examining psychologist as a witness at the competency hearing, the Defendant shall deliver to the State, prior to the hearing, the written report of the examining expert, together with all supporting data, consistent with this opinion. The State's request for the records and reports sought may, without leave of court, be served upon the Defendant, after notice is given by the Defendant that the examining expert will be called as a witness at the competency hearing. Any dispute as to time constraints or other acts related to the performance of this rule shall be resolved by the trial court.

_____
DAVID G. HAYES, JUDGE

---

[7]We acknowledge that the issue in *Martin* involved statements produced by a court-ordered mental evaluation with Martin asserting an insanity defense at trial. Nonetheless, we conclude that the procedural issue is analogous to the present case, because the use of a defendant's statement at trial, which was obtained by means of a court-ordered evaluation, implicates the same constitutional concerns as presented in a court-ordered competency inquiry.

[8]We are unable to make a determination as to whether the information obtained from the examining psychologist via the judicial subpoena conforms with the procedures we order, as the produced information from the clinical psychologist was not included in the record on appeal.